In the Matter of the Claim of JENNIE CHENIER, Respondent, against H. W. ROHLFS & SON et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Employer and its insurance carrier appeal from decisions and award of Workmen's Compensation Board for compensation and death benefits by reason of an accident sustained by decedent in December, 1946, and of his death on August 16, 1948. He was employed as a clerk and chauffeur in employer's retail hardware business. In the course of that employment, on November 18, 1946, the tipping of a ladder on which he was standing caused his shoulder to strike the store shelving. He then received a partially disabling injury of acute subdeltoid bursitis of the left shoulder. On December 19, 1946, and in the regular course of his work with the same employer, he lifted a case weighing 150 pounds. He felt pain in his left shoulder and across his chest. As he went on with his work, pain continued in that area. Early the next morning he awoke with severe pain in the same region. His family physician was called, who then diagnosed his trouble as coronary thrombosis or myocardial infarction due to coronary occlusion. He was hospitalized for several weeks. The hospital diagnosis was coronary heart disease and posterior wall infarction. From June, 1947, until September, 1947, he worked as a bartender without reduction of

earnings or loss of time, but complained of chest pains. He left that job because of the hours. From October 6, 1947, until July 20, 1948, he was employed at light work as a storeroom attendant for Beechnut Packing Company. He lost forty days' work during that period and discontinued work because of his health. He received further hospitalization and on August 14, 1948, entered Kings County Hospital, dying there two days later. Report of an autopsy at that hospital stated death as due to arteriosclerosis of the coronary arteries and posterior wall myocardial infarction. Physicians attending decedent from the time of the injury until his death made diagnoses of developed and developing myocardial infarction, attributable to the strain experienced as claimant lifted the heavy case on December 19, 1946. There was conflicting medical opinion on the issue of causal relation but the board has found that the death was the natural and unavoidable result of the accidental injuries sustained on the above date and has affirmed the referee's finding of causal relationship for a coronary occlusion and posterior wall myocardial infarction. There is ample medical evidence to sustain the award. Decisions and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.