◼ In the Matter of the Claim of RUTH SYVERTSON, Respondent, v. ESTATE OF NONNIE FREUDENBERG et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from an award of death benefits. By a decision dated August 10, 1956 the board found that decedent had sustained an accidental injury arising out of and in the course of his employment incurred on May 1, 1955 and made an award at reduced earnings. Upon appeal we affirmed the decision and award upon the ground that there was substantial evidence to sustain the board's finding. (*Matter of Syvertson* v. *Estate of Freudenberg*, 7 A D 2d 796.) Subsequent awards were made and paid to the date of decedent's death which occurred suddenly on June 29, 1959 while he sat in a chair viewing television. His original injury was diagnosed as a coronary occlusion with anterior wall myocardial infarction. It is not disputed that sometime prior thereto he had suffered a posterior wall infarction which was due to his arteriosclerotic condition and bore no relationship to work-induced effort. An assistant medical examiner certified the cause of death to be coronary arteriosclerosis. No autopsy was performed. The board found that decedent's death was causally related to his accidental injury of May 1, 1955. The sole issue presented on this appeal is whether there is substantial evidence to support its finding. Doctor Ancona, a specialist in internal medicine, attended the decedent on the occasion of his original heart attack and during the succeeding four years had continued a regimen until a few days prior to his death. His written report admitted into evidence stated that the original accident was "a definite cause for [of] his death". Fairly read, his testimony can be construed to express a medical opinion that decedent's heart, damaged by two prior infarctions, was incapable of supplying the blood needed for the performance of normal physiological activities through arteries narrowed by advancing sclerosis and that as a result of the ventricular failure death ensued. On the other hand, Doctor Clark, appellants' specialist, testified that the decedent's death was not caused, hastened or accelerated by his heart attack of May 1, 1955 and that he died as the result of the natural progression of an underlying coronary artery disease which pre-existed the heart injury of that date. It was within the power of

the board to determine whether the evidence of decedent's physician was sufficient to establish causal relationship and, if so, which of the two conflicting medical opinions was the more persuasive. (*Matter of Palermo* v. *Galluci & Sons*, 5 N Y 2d 529, 532; *Matter of Weinberger* v. *Belmont Elec. Co.*, 13 A D 2d 884; *Matter of Olmstead* v. *Perland Realty Corp.*, 1 A D 2d 709.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.