■ In the Matter of the Claim of BEATRICE GOLDSMITH, Appellant, v. GOOD HUMOR CORPORATION et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— The only issue on this appeal is whether there is substantial evidence to support the board's finding that decedent's mother was not dependent upon him at the time of death. The Referee's determination of partial dependency was reversed. The board's decision was: "The Board finds no substantial evidence here of the mother's partial dependency on her deceased son." Upon this record, such a limited finding is erroneous. The testimony of claimant as to family income and expenses, if believed, could be the basis for dependency. To the contrary, the finding of the board could be affirmed if the determination stated that decedent's contribution was for payment of board and room or upon the finding of credibility against the claimant. We are compelled to remit for more definite and determinative findings so that this court may intelligently review the decision. Decision reversed and matter remitted, with costs to the appellant against the State Insurance Fund. Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ., concur.

■ In the Matter of the Claim of ARLENE LA PIERRE, Respondent, v. CLUB 42 et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a majority decision of the Workmen's Compensation Board in a heart case. The board found there was a relationship between the compensable heart attack in 1955 and the fatal heart attack in 1958. The dissent of one of the board members was predicated on the ground that the question of causal relationship should be submitted to an impartial specialist for an opinion. Following the original attack in 1955 the decedent returned to work in 1956, still partially disabled and doing lighter work at shorter hours. He was under the continuous care of a physician, as evidenced by the numerous reports in the record, until his death. There was no autopsy but his death was diagnosed as caused by a second myocardial infarction, the 1955 attack being the first myocardial infarction. There was a sharp medical dispute as to the relationship of the second attack, resulting in death, to the original compensable heart attack. The appellants argue that his death was due solely to a progressive coronary disease. The board made a factual finding of relationship and there is substantial evidence to sustain the decision that the attack in 1955 was a contributing cause in the death of the claimant. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.