◼ In the Matter of the Claim of KATHERINE DALTON, Respondent, v. OLYMPIC RADIO et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision awarding death benefits on the ground that there is no substantial evidence to support the board's determination that decedent's death was causally related to an accident within the meaning of the Workmen's Compensation Law. On December 26, 1962 decedent, an inspector and phonograph repairman, was assigned to an assembly line where he was required to take 16 pound chassis from a metal truck or rack, which was about 5½ feet high with five shelves on it and which held 50 chassis, and at the rate of 12½ per hour place them into cabinets which were passing him on a continuously moving belt 2½ to 3 feet from the rack. After performing this operation for about one hour, decedent suddenly collapsed and died of a coronary thrombosis. The disputed issues in this case are whether decedent's work activities on the date of his death meet the test of *Matter of Masse* v. *Robinson Co.* (301 N. Y. 34), and if so were they causally related to his death. Concededly decedent had an extensive pre-existing pathology and all of the experts agreed that death could have come at any time. Beyond this one point of agreement, there was the typical conflict of medical testimony. Dr. Cutler testified on behalf of the claimant that the work activities were a contributing factor to death and two medical experts called by the appellants were both of the opinion that no such relationship existed. Thereafter, an opinion was solicited from an impartial specialist who, while he eventually stated that the work activity involved was not unusually strenuous, and that therefore no causal relationship, in fact, existed,

admitted, as the board noted in its decision, that "the decedent's work activity on the date of his death could have caused a break in the lining of the right coronary artery and allowed a thrombus to form at that time, and that he developed an acute thrombosis." It is, of course, within the exclusive province of the board to resolve conflicts of medical opinion if the medical testimony relied on is sufficiently direct and specific (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529). It is urged, however, that reversal is mandated because the testimony of Dr. Cutler cannot be considered as substantial evidence particularly in that it was based on an erroneous assumption that the chassis involved weighed up to 25 pounds where it later developed that they actually weighed only 16 pounds. We cannot agree. The weight of up to 25 pounds was honestly and legitimately assumed by all the litigants at the time Dr. Cutler testified and the discrepancy between the assumed weight and the actual weight is not of such magnitude that we must assume it would vitally affect Dr. Cutler's opinion. Moreover, if appellants felt that the weight differential was critical, they could have requested Dr. Cutler's recall, but they did not choose to do so. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.