■ In the Matter of the Claim of PREAMIOUS PARKS et al., Appellants, v REX ROOFING COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from a decision of the Workmen's Compensation Board, filed March 29, 1974, which disallowed claims for compensation

under the Workmen's Compensation Law. Claimant Linda Hayes, mother of Kimberly Susan Parks, appeals from so much of the decision of the board which disallowed her claim for death benefits on behalf of said child, on the ground that there is no evidence in the record to indicate that decedent during his lifetime acknowledged that he was the father of claimant's unborn child. The decision of the board disallowing this claim must be affirmed. Eligibility of an illegitimate child for death benefits requires an acknowledgement of paternity by the deceased employee (Workmen's Compensation Law, § 2, subd 11). The present record is totally devoid of any such acknowledgment by decedent during his lifetime, therefore, the board's decision is supported by substantial evidence. Claimant Preamious Parks, decedent's mother, appeals from a decision of the board disallowing her claim for benefits upon an unexplained finding that she "was not dependent on decedent". Claimant testified to having living expenses of approximately $350 per month; that her sole income consisted of $30 per week as a part-time domestic and $10 per week from her estranged husband; and that decedent gave her $40 to $50 per week. Upon this record such a limited finding is erroneous. The testimony of claimant as to her income and expenses, if believed, could be the basis of dependency. To the contrary, the finding of the board could be affirmed if the determination stated that decedent's contribution was for payment of board and room, or some other reason, or upon the finding of credibility against the claimant. We are compelled to remit for more definite and determinative findings so that this court may intelligently review the decision (Matter of Goldsmith v Good Humor Corp., 18 AD2d 1114). Decision modified, by reversing so much thereof as disallowed the claim of claimant Preamious Parks, and such claim is remitted to the Workmen's Compensation Board for further proceedings, and, as so modified, affirmed, with costs to claimant Preamious Parks against respondents filing briefs. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.