■ In the Matter of the Claim of WILLIAM UNDERDOWN, SR., Respondent, v TREADWELL CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed June 16, 1981, which ruled that claimant had a permanent causally related partial disability after February 3, 1976. Claimant, a boilermaker, suffered what apparently was a myocardial infarction in 1973. After a period of incapacitation, he returned to regular work and was symptom free, except for occasionally experiencing mild angina pectoris for which he took nitroglycerine not more than once a month. On October 28, 1975, he climbed a 24-foot ladder and went inside a boiler to make welding repairs. Heavy smoke from the work caused him to choke, and it became necessary for him to move a blower, weighing 20-25 pounds, used to blow the smoke away from him. At that point, be became dizzy, started to sweat, and felt sharp pains in his arm and chest. He was immediately hospitalized, and a diagnosis of coronary insufficiency was made. Except for three days, he never worked again. An initial compensation award for accident-related disability was made for the period October 29, 1975 to February 3, 1976. In 1977, he had two additional myocardial infarctions. Following reopening of claimant's case, the Workers' Compensation Board found claimant permanently partially disabled, and an award was made from February 3, 1976 to the date of claimant's death in December, 1979. It is from that decision that this appeal is taken. We affirm. Clearly, there was substantial evidence to support the original finding that the strain claimant was subjected to on October 28, 1975 precipitated a cardiac event, even though superimposed upon a pre-existing pathology (*Matter of McCormick v Green Bus Lines,* 29 NY2d 246, 248; *Matter of Dalton v Olympic Radio,* 30 AD2d 739, mot for lv to app den 22 NY2d 644). The testimony of

claimant's treating physician was that a marked deterioration in his condition followed the October, 1975 event, to the point where claimant had reached a decompensatory state in his myocardial circulation, subjecting him for the first time to prolonged incapacitation from work. Claimant's doctor also links the October, 1975 incident and resultant deterioration in his condition as a contributing cause of claimant's subsequent attacks in 1977. A reading of his testimony does not sustain appellants' contention that claimant's expert expressed the foregoing opinions without awareness of the previous coronary injury in 1973. There was thus sufficient evidence to support the board's determination, and the board's resolution of the sharp medical dispute on causation was well within its province (*Matter of La Pierre v Club 42,* 18 AD2d 1114, mot for lv to app den 13 NY2d 594; *Matter of Syvertson v Estate of Freudenberg,* 16 AD2d 721, mot for lv to app den 11 NY2d 647; *Matter of Chenier v Rohlfs & Son,* 282 App Div 792). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Levine, JJ., concur.