■ In the Matter of the Claim of CATHERINE HESS et al., Respondents, against DAIRYMEN'S LEAGUE CO-OPERATIVE ASSOCIATION, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for death benefits. Appellants contest the findings (1) that Catherine Hess was decedent's widow and (2) that Marie Hess was a totally disabled dependent child (Workmen's Compensation Law, § 16). On August 25, 1926 decedent's then wife obtained an interlocutory judgment of divorce which became final on December 8, 1926. A purported ceremonial marriage between decedent and claimant was performed on September 7, 1926 but was, of course, void. (*Landsman* v. *Landsman*, 302 N. Y. 45.) While the record would support a finding of a common-law marriage between decedent and claimant prior to April 29, 1933 (the effective date of chapter 606 of the Laws of 1933 amending section 11 of the Domestic Relations Law), provided there was then no impediment thereto, apparently decedent's former wife was then living, as claimant testified that at a time which other events fix as subsequent to that date decedent was proceeded against for nonpayment of alimony. Respondent would have us assume an order permitting remarriage but it was "incumbent upon the claimant to establish her status as the legal widow of the employee" (*Matter of McLaskey* v. *City of New York*, 277 App. Div. 1068) and this she failed to do. The finding that Marie Hess is a dependent child whose disability is total and permanent is supported by substantial evidence. Her physician testified that she suffers from epilepsy, is subject to *grand mal* seizures and is completely incapacited for employment. Decision and award as to Marie Hess affirmed and as to Catherine Hess reversed and claim dismissed, without costs. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.