Bergan, J.
The Workmen’s Compensation Board has found that claimant’s deceased husband “ performed strenuous work ” as a bus driver on July 17, 1964 which “ precipitated an irreversible type of cardiac failure” and that there was causal *248 relation between this work effort and his death three days later.
The question now is whether the record shows substantial evidence in support of this finding. The Appellate Division was of opinion there was not sufficient evidence of performance of “strenuous work” greater than the exertion incident to “the ordinary wear and tear of life ”, a phrase derived from Matter of Masse v. Robinson Co. (301 N. Y. 34, 37). Accordingly the award was reversed and the claim dismissed.
The rule as to what is strenuous work is not readily to be generalized to fit all men and all cases alike. All men suffer some adverse physical deterioration from the wear and tear of life; but one man with inadequate cardiac reserve who continues nevertheless in employment may find the performance of physical work too strenuous for him at a particular time and under particular conditions when the same work would not adversely affect other men under any conditions; or even that particular man at other times under the similar physical conditions.
To a man thus impaired, if the actual work done is found to have precipitated the cardiac event which in turn causes disability or death, a sufficient factual relationship may be found between the strain of the work and the result to be deemed an accident within the scope of the Workmen’s Compensation Law if such a conclusion be supported by medical proof.
The decision in Matter of Masse v. Robinson Co. (301 N. Y. 34, supra) illustrates this. The court there (p. 37) noted the Appellate Division’s observation (275 App. Div. 976) that ‘ ‘ unusual hard work in regular course of an employment ’ ’ would not be “an event of accident ” ran against the decisions in this court committed to “ a different conclusion ’ ’.
The court then laid down a clear statement of the rule: “A heart injury such as coronary occlusion or thrombosis when brought on by overexertion or strain in the course of daily work is compensable, though a pre-existing pathology may have been a contributing factor ” (p. 37).
And in Matter of Burris v. Lewis (2 N Y 2d 323), on analysis of Masse, it was noted that the court had there overruled earlier decisions that ‘ ‘ a heart attack must have been caused by a strain more severe than was imposed by the usual nature of the employee’s work ” (p. 326).
*249 A number of decisions of this court are consistent with this statement and are analyzed in the court’s opinion in Matter of Schechter v.'State Ins. Fund (6 N Y 2d 506) which noted that the excessive strain in the work may exist even though the work performed “ which precipitates the heart attack is of the same general type as that in which he is regularly involved” (p. 510). What is a “ heart attack ” in the sense of “ accident ” is ultimately a medical question and it should not be limited as a matter of law to an infarction or occlusion.
There is proof in the present record that decedent had suffered previous heart attacks and his cardiac ability was markedly impaired on July 17, 1964. There is also proof that the work of driving a bus on that day in unusually high temperature was strenuous; that there were 20 turns involved in the operation; that the road was patchy and bumpy and that on returning home decedent complained of feeling ill.
These external circumstances were sufficient to find that for a man of impaired cardiac performance the work was strenuous. If this is a sufficient record of physical effort, the medical association with the resulting condition is also sufficient to establish accident.
A cardiologist testified: “ It is my opinion that this 49 year old man had been suffering from cardiovascular disease and dysfunction for a long time and that in 1963 his course began downhill because of the. myocardial infarction that he had suffered then and the apparent short time after which he returned to work as a bus driver. His present illness which produced death seems to me to have started on about July 12th, when he was noted not to look well, and the following days that he began to complain of feeling tired, nauseous and discomfort of various kinds. I believe that the particular day of July 17th, when the temperature had risen to 87 degrees and he had to work that day, this work was unusually difficult for a man who had begun to undergo what appeared to be later on to be congestive failure, and I think it definitely pushed him into irreversible type of congestive heart failure upon which he subsequently died the 20th of the same month. ’ ’
There is thus substantial evidence of effort in the work, strenuous for this decedent, and associated medically with his death; and the board could find it was accidental.
*250 The order should be reversed, with costs to claimant, and the decision of the Workmen’s Compensation Board reinstated.
Chief Judge Fuld and Judges Breitel and Gibson concur with Judge Bergan ; Judges Burke, Scileppi and Jasen dissent and vote to affirm on the opinion at the Appellate Division.
Order reversed, with costs against the respondent employer, and the decision of the Workmen’s Compensation Board reinstated.