Bergan, J.
Claimant’s husband had been suffering from cardiac disease and under medical care for five years before his sudden death June 20,1966 while in the course of his employment as a chauffeur. In 1961 he suffered from a heart block and in 1963 from an acute myocardial infarction. In April, 1966, within two months of his death, he was treated for cardiac failure and from May 1 to May 12 — a little over a month before his death—he was hospitalized for congestive heart failure.
A cardiac specialist called by claimant expressed the opinion that decedent was so disabled that he ‘ ‘ should not have been performing any physical labor whatsoever ”. Nevertheless decedent continued to work and the employer continued him in work although his condition and recent hospitalization were known to the employer.
It was to encourage the employment of physically handicapped people, and their continuance in employment, that provision for reimbursement from a special fund is made in the statute (Workmen’s Compensation Law, § 15, subd. 8). Such a claim for reimbursement has been made by the employer and carrier here and held open for determination by the board.
The physical effort in the work which triggered decedent’s heart attack was not much for a person in normal health. He helped the female cook and housekeeper to carry a heavy piece of luggage from the stoop in front of the employer’s house across the sidewalk and lift it into the trunk of the car he was to drive to the airport.
The piece of luggage was described as ‘ ‘ very heavy ’ ’. There is an estimate it weighed 70 .to 75 pounds. The housekeeper, *92 who alone had taken it down the stairs, helped decedent (each holding one end of it) to carry it across the sidewalk and put it in the car trunk. His collapse and death followed immediately.
Claimant’s cardiologist testified that this would “ not [be] very strenuous effort for the average individual ”. But he expressed the unequivocal opinion, on which the carrier did not cross-examine, not only that it was, indeed, “ strenuous effort ” for this decedent, but that it was a “ fatal effort ” and, accordingly, that the work was a cause of his death.
The basis for his view is fully laid out: ‘ ‘ But for this individual with this history of disease and its complications it was strenuous effort and, in fact, it was fatal effort because as a result of what he was doing he sustained a fatal cardiac episode from which he did not recover and which resulted in his death. It is my opinion with a reasonable degree of medical certainty that this fatal cardiac episode was responsible for bringing on his death and he should not have been performing work even of this nature.”
Thus there is substantial medical evidence of association between the work and the accidental death of claimant’s husband if accepted by the board even though the carrier’s specialist expressed the view there was no such association.
The board majority, therefore, had a sufficient basis in the record to find ‘ ‘ that said exertion and heart attack constitute an accidental injury within the meaning of the Workmen’s Compensation Law and that death is causally related thereto ”.
Cases may be found both ways as to what is “ strenuous work ’ ’ but the weight of authority holds that if the physical effort of the work is too strenuous for the man, time and place of occurrence of a definite physical event, it may be found accidental upon a sufficient supporting medical record.
The problem has most recently been reviewed by this court in Matter of McCormick v. Green Bus Lines (29 N Y 2d 246 [1971]). This present ease, indeed, presents a stronger record for an award. There is close and immediate sequence between the physical effort in the work, too much for this man, and his death. The factual evaluation of the pattern of events, with the aid of firm and competent medical opinion, was specifically within the frame of the board’s power (Matter of Schechter v. *93 State Ins. Fund, 6 N Y 2d 506; Matter of Burris v. Lewis, 2 N Y 2d 323; Matter of Owens v. McGovern, 309 N. Y. 449; Matter of Masse v. Robinson Co., 301 N. Y. 34).
The order should be reversed and the award reinstated, with costs to appellant.
Judges Burke, Breitel and Gibson concur with Judge Bergan ; Chief Judge Fuld and Judges Scileppi and Jasen dissent and vote to affirm on the opinion at the Appellate Division.
Order reversed, etc.