■ In the Matter of the Claim of CECILIA PRIME, Respondent, v DOTY OIL/ONTARIO OIL COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed November 21, 1974. Claimant's deceased husband was employed as an oil burner service and deliveryman by appellant Doty Oil/Ontario Oil Company. On September 17, 1971, while performing a routine service call, he became ill, was seen by a doctor, and was immediately hospitalized with the diagnosis of a myocardial infarction. He died on November 26, 1971. At the hearings upon a claim for workmen's compensation benefits, there was uncontradicted proof that on September 14 and 15, 1971 decedent and a coemployee had installed two 275-gallon fuel oil tanks; that tanks had also been installed on September 3, 7, 9 and 10; and that this was strenuous heavy work causing decedent to complain about being tired at the end of the day. An expert testifying on behalf of claimant stated that in his opinion the strenuous work of September 14 and 15 produced an acute coronary injury that progressed to complete occlusion within 48 to 72 hours. The myocardial infarction and sudden death on November 26, 1971 were thus causally linked to a coronary artery injury of September 15. Another expert disagreed, concluding there was no causal relation between decedent's heart attack and his work activities. On this issue, a sharp conflict of medical opinion was presented which the board has resolved in favor of claimant. Since this determination is founded upon substantial evidence, it must be affirmed (Matter of Palermo v Gallucci & Sons, 5 NY2d 529). We also agree with the board that, on this record, and in accordance with current case law, the work activities of this decedent were sufficient to produce an accidental injury (Matter of Schuren v Wolfson, 30 NY2d 90; Matter of McCormick v Green Bus Lines, 29 NY2d 246) and that his death on November 26, 1971 was causally related to the accident of September 17, 1971. Decision affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.