In the Matter of the Claim of ARLENE PETERSON, Respondent, v KORAL BROTHERS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed July 3, 1974. Claimant's deceased husband was employed as a carpenter by appellant Koral Brothers, Inc. On January 16, 1969, while in the performance of his duties, he suffered a heart attack, collapsed, and was pronounced dead on arrival at the hospital. The death certificate indicates death was caused by occlusive coronary arteriosclerosis. The sole issue on this appeal is whether the board's findings of accident and causally related death are supported by substantial evidence. The proof establishes that decedent had been suffering from arteriosclerotic heart disease, which was known to his employer; that on the day of his heart attack and death, he had been directed to remove and replace casters under an upright piano weighing approximately 500 pounds; that after decedent had finished replacing the casters and had helped to push the piano, he suddenly collapsed. A witness who was working with the decedent in moving the piano testified as to the strenuous activity involved in order to remove and replace the casters. A medical expert testified on behalf of claimant that the work activity was competent to cause decedent's death; that a man with arterios-

clerotic heart disease cannot do more than very light work; that the activity with the piano was more than his heart could tolerate, and was causative of his death. The carrier's medical expert disagreed, and testified that there was no causal relationship between decedent's death and his work activities on that day. On this issue, the board resolved the conflict of medical opinion in favor of the claimant. Since this determination is based upon substantial evidence, it must be affirmed. On this record, and under the authorities, it is clear that the work activities of the decedent were sufficient to produce an accidental injury *(Matter of Schuren v Wolfson,* 30 NY2d 90; *Matter of McCormick v Green Bus Lines,* 29 NY2d 246), and that his death on January 16, 1969 was causally related to the accident of the same day. Decision affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Sweeney, Kane, Main and Herlihy, JJ., concur.