◼ In the Matter of the Claim of BEATRICE HOLMES, Respondent, v JAROSZ TRUCKING CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed April 24, 1975. The board awarded death benefits to the deceased employee's widow, the claimant herein, upon its finding that the employee's work activities on the day of his death aggravated an underlying heart condition causing his death from a coronary thrombosis. The basic facts are not in dispute. On March 23, 1970, at about 7:30 P. M., decedent, a 44-year-old truck driver, while operating his employer's tractor and trailer, became ill and pulled the unit over to the side of the highway. He had suffered a heart attack and died on route to the hospital. The decedent had reported for work shortly after 5:00 P. M., on that day in response to a phone call from his employer. After picking up his bills of lading from the employer, he proceeded directly to the tractor of the unit, started the engine, and then proceeded to hook the tractor to the trailer. In so doing, decedent backed the tractor up to the trailer until the trailer locked. He then got out of the tractor and proceeded to raise the dolly legs of the trailer with a hand crank until the legs were off the ground. After decedent had cranked up the dolly, hooked up the air lines, emergency lines and light plugs, he drove off and on to the highway in performance of his duties when he became ill and died suddenly. There was testimony to the effect that no undue effort was required to crank up the dolly. On the other hand, there was medical testimony to the effect that decedent would not have died except for the particular type of work activity involved in the performance of his duties on that day. Dr. Gureli, who performed the autopsy, and Dr. Lazar, a cardiologist, both testified that decedent's death resulted from an acute myocardial infarction which was precipitated by the stress of his work activities immediately preceding his death. There was also expert medical testimony that decedent's work on the day of the accident in no way aggravated the natural progression of decedent's underlying heart disease.

The conflict thus presented raised a factual issue for the board to determine. We conclude, on this record, that there is substantial evidence to support the board's finding of accidental injury within the meaning of the Workmen's Compensation Law, and that decedent's death is causally related thereto *(Matter of Schuren v Wolfson,* 30 NY2d 90; *Matter of Montini v Marlin-Rockwell Div. of TRW,* 50 AD2d 1017). Decision affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Greenblott, Mahoney, Main and Herlihy, JJ., concur.