— Appeal from decisions of the Workmen’s Compensation Board, filed March 7, 1975 and March 11, 1976. Claimant was employed as a laborer at a hospital operated by the self-insured employer, Town of Moriah. On the day in question he had done ordinary jobs during the morning. After lunch claimant was mowing the lawn with a power mower when he felt pain and had difficulty in breathing and was taken to the hospital. The board found that the claimant’s exertion on that day caused "him to feel pains in his chest, and precipitating the pre-infarction angina, was superimposed upon the coronary artery disease. The resultant disability was causally related thereto”. When a heart injury, as in the instant case, is brought on by overexertion in the course of daily work, it is compensable even though a pre-existing pathology may have been a contributing factor (Matter of Masse v Robinson Co., 301 NY 34). Excessive strain may be found to have existed although the work performed is of the same general type as that with which he was regularly involved (Matter of Schechter v State Ins. Fund, 6 NY2d 506). Even in the case of a man with insufficient cardiac reserve, if the work done is found by substantial evidence to have precipitated a cardiac event, a sufficient factual relationship may be found between the work and the result to be deemed an accident within the scope of the Workmen’s Compensation Law (Matter of McCormick v Green Bus Lines, 29 NY2d 246). The record herein would indicate that the claimant’s activities may well have been found to be routine. The board found that the claimant performed strenuous work and sustained an accidental injury which aggravated a preinfarction angina. There is substantial evidence in this record to support that finding, and, therefore, it should not be disturbed (Matter of Currie v Town of Davenport, 37 NY2d 472). The resolution of conflicting medical opinion as to the causal relationship also falls within the fact-finding power of the board which, if supported by substantial evidence, must be sustained (Matter of Lagona v Starpoint Cent. School, 50 AD2d 236). Claimant’s doctor’s alleged refusal to consider prior history, if true, merely goes to the *703 weight of the evidence and not its admissibility. Decision affirmed, with costs to the Workmen’s Compensation Board. Greenblott, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.