In the Matter of the Claim of JOSEPH FURLIN, Respondent, v V. A. W. OF AMERICA et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from a decision of the Workers' Compensation Board, filed October 5, 1977, and an amended decision, filed January 11, 1978. This is an appeal from a decision of the board, which held that the claimant's disability was a result of a myocardial infarction, was brought about by work activities which were excessively arduous and strenuous and, thus, constituted an accident arising out of and in the course of his employment. Claimant was a furnace operator whose job required him to lift bars of metal weighing 40 to 45 pounds into an iron bucket weighing 75 pounds. He would then push the basket into a furnace where the bars would melt, after

which the metal had to be stirred with a steel rake weighing 30 to 35 pounds. While using the steel rake on October 18, 1973, claimant began experiencing chest pains. He was able to finish his shift, but only after stopping to rest each time that the pain recurred. He went to the hospital immediately upon returning home and was diagnosed as having suffered a heart attack. Claimant had first begun exhibiting symptoms of heart disease in August of 1973. Not all heart injuries incurred by employees while on the job are compensable under the Workers' Compensation Law (see *Matter of Currie v Town of Davenport,* 37 NY2d 472, 477). Workers' compensation is awardable only for those heart injuries caused by the "strenuous effort" of an employee's work *(Matter of Schuren v Wolfson,* 30 NY2d 90; *Matter of McCormick v Green Bus Lines,* 29 NY2d 246). This is true even though the strenuous work which precipitates the heart attack is of the same general type as that in which the employee is regularly involved *(Matter of Schechter v State Ins. Fund,* 6 NY2d 506) and even though a pre-existing pathology may have been a contributing factor *(Matter of Masse v Robinson Co.,* 301 NY 34). With these rules established, the sole question on this appeal is whether or not the board's decision that the claimant sustained an accidental injury arising out of his employment on October 18, 1973 is supported by substantial evidence. The finding by the board that the claimant's work was strenuous is amply supported by the record. While there may have been conflicting medical testimony on the question of causal relationship, the resolution of this conflict falls within the fact-finding power of the board and its finding of a causal relationship was supported by substantial evidence and must be sustained. Decisions affirmed, with costs to the Workers' Compensation Board against the appellants. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.