■    In the Matter of the Claim of ROBERT O'NEIL, Respondent, v STATE INSURANCE FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. —Appeal by State Insurance Fund from decisions of the Workers' Compensation Board, dated August 2, 1977 and April 20, 1978, which awarded benefits to claimant. Claimant, a compensation claims investigator with the State Insurance Fund (Fund), worked out of his employer's Albany office with the responsibility of covering the counties of Ulster and Orange. On September 17, 1974, while working in the Middletown area, claimant experienced fatigue and spent the evening in his motel room. The next day he felt pain in his left arm and experienced shortness of breath and an abnormal heart beat. He advised his Albany office that he was ill and spent the entire day resting in his motel room. On the third day, September 19,

1974, claimant returned to his home in Troy where he remained for the next five days. On September 25, 1974 claimant returned to work and drove to Newburgh where he again became fatigued and had to rest the balance of the day and all night in his motel room. He was unable to leave his room for meals. The pain and distress returned the next day and he remained in his room, again without meals. On the following day, September 27, 1974, he returned to work and despite feeling very tired he investigated claims in the Middletown area, traveled to Newburgh, drove 35 miles back to Goshen to pick up a file, drove 70 miles to Hurley and, after experiencing pain in his left arm, continued to work. He then drove 70 miles to his home in Troy. During his trip home, claimant had to stop several times because of pain in his chest. When he arrived home, he needed assistance to walk up to his second floor residence. On the following Monday, September 30, 1974, he was hospitalized and his doctor made a diagnosis of an acute myocardial infarction. After hearings, the board found that claimant had sustained an accidental injury in the nature of a heart attack arising out of and in the course of employment, concluding that the heart attack was causally related to claimant's work effort. After remand and the establishment of a monetary award, the Fund applied for a review of both the decision of the board and the referee's award. The board affirmed both its decision and the award. This appeal ensued. The Fund's contention that there is a lack of substantial evidence in the record to support the award because the infarction was not causally related to claimant's employment must be rejected. The Court of Appeals in *Matter of Schuren v Wolfson* (30 NY2d 90) had before it a case involving a decedent with a pre-existing cardiac condition who, while engaged in slight physical effort on the job, suffered a fatal coronary attack. In reversing a dismissal of a claim for death benefits, the court stated (p 92): "Cases may be found both ways as to what is 'strenuous work' but the weight of authority holds that if the physical effort of the work is too strenuous for the man, time and place of occurrence of a definite physical event, it may be found accidental upon a sufficient supporting medical record." Again, in *Matter of McCormick v Green Bus Lines* (29 NY2d 246, 248) the Court of Appeals instructed that the rule as to what is "strenuous work" should not be generalized. The court noted that all men suffer from some adverse physical deterioration from the wear and tear of life, "but one man with inadequate cardiac reserve who continues nevertheless in employment may find the performance of physical work too strenuous for him at a particular time and under particular conditions". The court continued as follows (p 248): "To a man thus impaired, if the actual work done is found to have precipitated the cardiac event which in turn causes disability * * * a sufficient factual relationship may be found between the strain of the work and the result to be deemed an accident * * * if such a conclusion be supported by medical proof." Here, the record fully disclosed a man experiencing cardiac symptoms who nevertheless continued to work under stressful conditions that precipitated an infarction. Since the board's conclusion is supported by medical proof, we cannot say there is a lack of substantial evidence. Decision affirmed, with costs to the Workers' Compensation Board against the State Insurance Fund. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.