■ In the Matter of the Claim of ROBERT FITCH, Appellant, v JAKE NUSSBAUM AUTO PARTS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed May 28, 1980, which reversed the decision of a Workers' Compensation Law Judge and disallowed a claim for compensation benefits. On November 11, 1976, claimant experienced chest pains while performing his duties as an auto parts deliveryman for the employer herein. Later that day he was admitted to the Sharon Hospital in Sharon, Connecticut, where it was determined that he had suffered a myocardial infarction. A compensation claim was subsequently filed, and a Workers' Compensation Law Judge allowed the claim. Ultimately, after referring the matter to an impartial cardiologist, however, the board disallowed the claim by a majority decision. The present appeal ensued. The board's decision should be affirmed. This is another case in which the board was presented with conflicting medical opinions with claimant's doctor finding a causal relationship between claimant's work and the infarction and the doctor for the employer and its carrier and the impartial cardiologist finding that there was no causal relationship. Under these circumstances, substantial evidence supports the board's disallowance of the claim, and its decision should not be disturbed (cf. *Matter of Sanderson v Curley,* 65 AD2d 641). In so ruling, we note in conclusion that *Matter of Schuren v Wolfson* (30 NY2d 90) and *Matter of McCormick v Green Bus Lines* (29 NY2d 246), both relied upon by claimant, do not require a contrary result. These cases each resulted in the Court of Appeals sustaining a board finding of compensability because it was supported by substantial evidence, and in each instance the court ruled that, where there is evidence of strenuous effort by a claimant and medical evidence that such effort is the cause of the claimant suffering a subsequent cardiac event, the board "may" find the cardiac event to be a compensable accident *(Matter of Schuren v Wolfson, supra,* p 92). Significantly, the court did not rule that the board was required to make a finding of compensability under such circumstances or hold, as a matter of law, that strenuous effort was a proximate cause of subsequent cardiac events so as to make them compensable. Instead, the court left to the board the determination of the compensability of each individual claim based upon its resolution of the factual and credibility issues presented therein. Such being the case, the board here was clearly not required to disregard the impartial cardiologist's opinion, as argued by claimant, merely because that doctor opined that both emotional and physical stress were necessary before an infarction would be work related. Decision affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.