■ In the Matter of the Claim of GEORGE PARISH, Appellant, v ROLEX PLASTICS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed February 24, 1981. On September 9, 1977, claimant experienced chest pains while handling steel columns during the course of his employment for the employer herein. Later that day he was admitted to a hospital where it was determined that he had suffered a myocardial infarction. A compensation claim was thereafter filed and the board ultimately concluded that claimant's myocardial infarction was the result of an underlying heart disease and did not constitute an accidental injury arising out of and in the course of employment. This appeal ensued. Initially, claimant contends that there is an absence of substantial evidence to support the board's determination. We disagree. An impartial cardiologist testified that claimant's underlying disease was responsible for his myocardial infarction. Although other medical testimony was presented indicating a causal relationship between claimant's work and the infarction, the board was free to accept or reject so much of the medical testimony as it found credible as the resolution of conflicting medical opinions is solely within the province of the board (*Matter of Saba v Adam's Refrigerated Trucking*, 61 AD2d 858). On the present record, there is substantial evidence to support the decision of the board and, therefore, it should not be disturbed (see *Matter of Fitch v Nussbaum Auto Parts*, 84 AD2d 639). Claimant also urges that the employer failed to timely file its notice of controversy pursuant to section 25 (subd 2, par [b]) of the Workers' Compensation Law. Since this issue was not raised by claimant before the board, it is not before this court on appeal (*Matter of Leary v Ward Baking Co.*, 63 AD2d 1065). In any event, the board has broad discretion in excusing the late filing of a notice of controversy (*Matter of Lutgen v Conte Elec.*, 50 AD2d 624). We have considered claimant's remaining arguments and find them unpersuasive. Accordingly, the decision of the board must be affirmed. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.

■ In the Matter of IVAN FIGUEROA, Appellant, v EUGENE S. LeFEVRE, as Superintendent of the Clinton Correctional Facility, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Harvey, J.), entered March 18, 1982 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to annul the disposition of a superintendent's proceeding held at the Clinton Correctional Facility. Since petitioner has been released on parole, this appeal is moot and should, therefore, be dismissed (*Matter of Rodriguez v Hongisto*, 78 AD2d 921). Appeal dismissed as moot, without costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.