■ LINDA S. LAHAIE, Appellant, v FREDERICK R. STORTECKY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Viscardi, J.), entered November 5, 1981 in Fulton County, which granted defendant's motion to dismiss the complaint on the grounds of *res judicata* and failure to state a cause of action and denied plaintiff's cross motion for custody of the infant issue. The parties first separated in February, 1977, when plaintiff

moved out of the marital home with their two children. Defendant then served plaintiff with a summons and notice in an action for a separation, and on June 4, 1977 the parties signed a stipulation and agreement in the separation action, providing, *inter alia,* for the parties' property rights, for joint custody of the children with plaintiff having physical custody of them, and that defendant could proceed for a default decree of separation on grounds of plaintiff's abandonment. Defendant did take a default in the separation action; and a judgment of default, which incorporated but did not merge the stipulation and agreement, was signed on December 6, 1977. In November, 1977, however, the parties reconciled and lived together until June 26, 1979, when plaintiff again left defendant. On June 27, 1979, defendant served plaintiff with a summons with notice in a divorce action, which stated that the divorce would be sought on the ground of cruel and inhuman treatment and that the relief would be "in accordance with the decree and judgment of separation and stipulation of June 4, 1977." On June 28, 1979, the parties signed a stipulation in Family Court that custody of the two children would be joint, with physical custody with defendant, and this stipulation was incorporated into an order of the Family Court. On July 24, 1979, defendant was granted a default divorce on the grounds of plaintiff's cruel and inhuman behavior and adultery. The decree granted the parties joint custody of the two children, with physical custody with defendant. When plaintiff thereafter moved to vacate the divorce judgment, her motion was denied. She timely filed a notice of appeal, but never perfected the appeal. She then petitioned Family Court for a modification of the divorce decree changing physical custody of the children from defendant to herself. In May, 1980, this petition also was denied, and again an appeal taken by plaintiff was never perfected. Next, although plaintiff had by now remarried, she brought the instant action seeking (1) to rescind the stipulation and agreement of June 4, 1977 in the separation action, (2) to vacate the judgment of separation of December 6, 1977, (3) to vacate the judgment of divorce of July 24, 1979, and (4) to impose a constructive trust on the former marital residence and all other income, assets and property of the parties. Plaintiff also made a cross motion for exclusive custody of the two children. Defendant moved to dismiss the action on the grounds of documentary evidence, *res judicata,* and failure to state a cause of action (CPLR 3211, subd [a], pars 1, 5, 7). Defendant's motion was granted, and plaintiff has appealed. Plaintiff clearly seeks to collaterally attack the final judgment of divorce granted July 24, 1979. All her marital rights, including property rights and custody questions, were determined by the divorce decree. The parties' property was completely disposed of in the decree, which superseded any prior agreement or order, including the June 4, 1977 stipulation and agreement in the separation action (which was not mentioned in or made a part of the divorce decree). Moreover, plaintiff brought a motion to vacate the divorce decree, which was denied. Since she did not then perfect her appeal from this denial, she is deemed to have abandoned the appeal (22 NYCRR 800.12), and the divorce decree stands as a final judgment. As for her statutory right to seek modification of custody (Domestic Relations Law, § 240), plaintiff did bring a petition to modify the custody determination, which was denied in an order dated May, 1980 on the basis that she appeared to be attempting to circumvent the necessity of perfecting an appeal and that she did not allege any change of circumstances. Plaintiff's appeal from this order was also abandoned. Furthermore, in the instant action plaintiff has not alleged any change in circumstances since the time of that petition. *Allen v Kriesel* (87 AD2d 992), which reversed the dismissal of a custody petition and remitted the matter for hearing, is distinguishable in that

---

\* Defendant did not enter the judgment until June 29, 1979, three days after the parties again separated.

in the instant case there is a final custody order and there was a hearing on the custody modification petition (April 23, 1980 in Fulton County Family Court). Thus, plaintiff's action was properly dismissed both on the ground of *res judicata* (CPLR 3211, subd [a], par 5; see *Schuylkill Fuel Corp. v Nieberg Realty Corp.*, 250 NY 304; *Walston & Co. v Klein*, 44 Misc 2d 607, 608-609, affd 24 AD2d 559), since plaintiff's marital rights had in fact been finally determined and were not subject to collateral attack, and on the ground of documentary evidence (CPLR 3211, subd [a], par 1; see *Heaney v Purdy*, 29 NY2d 157, 159; *Watters v Watters*, 259 App Div 611), since annexed to defendant's motion to dismiss were, *inter alia,* the judgment of divorce, the order denying plaintiff's motion to vacate the judgment, and the order dismissing her petition for a modification of custody. Moreover, in respect of plaintiff's cause of action for constructive trust, plaintiff has not alleged the kind of transfer of property that gives rise to a constructive trust (see *Sinclair v Purdy*, 235 NY 245; *Goodman v Goodman*, 84 AD2d 344; *Saff v Saff,* 61 AD2d 452, app dsmd 46 NY2d 969). For all of the foregoing reasons, the order should be affirmed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Yesawich, Jr., Weiss and Levine, JJ., concur.