■ In the Matter of the Claim of FRANK BARTOLOTTA, Respondent, v WILLIAM METZ et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed July 9, 1982, which held the myocardial infarction sustained by claimant on January 5, 1979 to be compensable. Claimant, a 59-year-old inside painter with a history of pre-existing arteriosclerotic heart disease, was employed as such since September 27, 1978. On January 5, 1979, at about 9:30 A.M., he sustained a myocardial infarction while painting window sills at a building located at 200 Lexington Avenue in New York City. Claimant had reported to work that day at 8:00 A.M. and began to paint the trimmings of the windows of a furniture showroom, standing on top of a seven-foot ladder. He had applied shellac to the entire surface area and was painting a window sill with a second coat of enamel, about four steps up the ladder, when he became dizzy. He stopped working for a few minutes, but when he resumed he was overwhelmed, which prompted him to open a window for fresh air. A co-worker was alerted by the change of claimant's complexion to yellow and by his complaint of chest pains. Taken to the hospital, claimant's condition was diagnosed as a myocardial infarction. On the preceding December 27, 1978, claimant sustained an episode of dizziness with chest pains while painting in a windowless room on the third day that he had been painting on that particular job. On this occasion, claimant rested at his home for the next five days and did not feel he was ill enough to consult a doctor. He did not return to work until January 5, 1979,

when he sustained the myocardial infarction that the board has ruled compensable and which is the subject of this appeal by the employer and its carrier. They contend that the work being performed by the claimant at this time was not "strenuous", even for his previously impaired heart condition, as required by *Matter of McCormick v Green Bus Lines* (29 NY2d 246, 249). The board found that the painting in which claimant was engaged was more exertion for him, when superimposed upon his pre-existing coronary pathology, than the ordinary wear and tear of life and, therefore, found that claimant's condition was accidentally caused and arose out of and in the course of his employment. This decision is largely a factual determination and must be sustained if supported by substantial evidence (*Matter of Brown v Highways Displays,* 30 AD2d 892, affd 24 NY2d 943). We conclude that substantial evidence supports the decision of the board. Claimant's doctor testified that: "[W]e cannot disassociate the exertion involved and the painting in this particular case from the fact that he developed the pain at the time. Since this man definitely had angina of exertion — the exertion involved in painting would be a very definite factor in the production of angina and the angina means that, anoxia of the myocardia * * * which is a myocardial infarction." The contrary opinion expressed by the carrier's medical expert, to the effect that claimant's work played no part in the acute infarction, presented no more than the usual conflict of medical opinion and the board's crediting of the testimony given by claimant's doctor is sufficient to supply the necessary basis for its decision. To a man physically impaired such as this claimant, "if the actual work done is found to have precipitated the cardiac event which in turn causes disability or death, a sufficient factual relationship may be found between the strain of the work and the result to be deemed an accident within the scope of the Workers' Compensation Law if such a conclusion be supported by medical proof" (*Matter of McCormick v Green Bus Lines, supra,* p 248). The decision of the board, therefore, should be affirmed. Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.