■ GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Appellant-Respondent, v THOMAS A. MANCHESTER et al., Respondents-Appellants, and GRAPHIC ARTS MUTUAL INSURANCE COMPANY, Respondent. — Cross appeals (1) from an order of the Supreme Court at Special Term (Tait, Jr., J.), entered May 26, 1983 in Chemung County, which, *inter alia,* denied plaintiff's motion for summary judgment and granted that portion of defendant Thomas A. Manchester's cross motion for summary judgment declaring that plaintiff had a duty to defend defendant Manchester, and (2) from the judgment entered thereon. ¶ Order and judgment affirmed, with costs, upon the opinion of Justice Albert E. Tait, Jr., at Special Term. Kane, J. P., Main, Casey, Levine and Harvey, JJ., concur.

■ ALVIRDA FASOLI, Respondent, v LELAND S. FASOLI, Appellant. — Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered December 7, 1982 in Albany County, which denied defendant's motion to dismiss the complaint. ¶ The marriage of these parties was terminated by a default judgment of divorce dated March 16, 1978. Prior to defendant's withdrawal from the action in which he had counterclaimed for divorce, the parties entered into stipulations in open court which primarily involved support and a division of property. They agreed that their stipulations be incorporated into and merged with a judgment of divorce. ¶ On March 24, 1981, plaintiff sought, by motion, to modify the judgment of divorce by eliminating therefrom the stipulations to which she had agreed. She claimed that because of emotional and physical disabilities, she was unable to voluntarily and knowingly enter into any type of contract. That motion was denied upon the grounds that a final judgment could not be modified by motion under the existing circumstances. Special Term held that it was necessary to commence a plenary action in order to rescind the stipulations incorporated into the judgment of divorce. That decision was not appealed. ¶ Thereafter, plaintiff commenced this plenary action which alleges her contractual incapacity at the time of the divorce and in addition, fraud and misrepresentation on the part of defendant. Defendant then moved to dismiss the complaint upon his defense of *res judicata.* He alleged that the complaint made the same allegations as those submitted to the prior Special Term which had decided in his favor. Special Term denied the motion and this appeal by defendant ensued. ¶ Although it is very clear that the only issues created by the notice of motion and its supporting affidavit and memorandum of law were the defense of *res judicata* and defendant's contention that CPLR 5015 constituted the exclusive remedy, defendant makes no reference to those issues on this appeal. Special Term's determination of the issues presented was in accordance with well-defined law. The prior Special Term decision was on jurisdictional grounds and not upon the merits. Defendant may not avail himself of the defense of *res judicata* in order to obtain a decision in his favor on the merits under these circumstances (see *175 East 74th Corp. v Hartford Acc. & Ind. Co.,* 51 NY2d 585, 590; *De Ronda v Greater Amsterdam School Dist.,* 91 AD2d 1088). As to the other issue, it is most evident that plaintiff does not seek to vacate the judgment of divorce but only to eliminate the contractual provisions incorporated into it. ¶ What defendant does seek to do is to have this court determine the merits of the action and summarily dismiss the complaint even though no evidence in that regard was before Special Term. Obviously, we cannot do so (see *Block v Nelson,* 71 AD2d 509; see, also, *Manufacturers Hanover·Trust Co. v Meadowdale Dev. Co.,* 91 AD2d 1087; *Matter of Parish v Rolex Plastics,* 90 AD2d 625, mot for lv to app den 58 NY2d 604). ¶ Order affirmed, with costs. Mahoney, P. J., Kane, Main, Weiss and Harvey, JJ., concur.