■ In the Matter of LARRY J. BROWN, Petitioner, v PATRICK D. MONSERRATE, as Tompkins County Judge, et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506, subd [b], par 1) to prohibit respondents from enforcing a search warrant. ¶ A hearing should be held and expert testimony received concerning the conclusiveness and probative value of the enzyme phenotyping procedure and microscopic comparison of human hair analysis sought by the police. Such evidence should include, but not be limited to, the results obtained from testing the spermatozoa found in the victims' bodies and the human hairs recovered from their beds, and the frequency of occurrence of the same characteristics in the general population (see *Matter of Abe A.*, 56 NY2d 288; *People v Borcsok,* 114 Misc 2d 810). Determination of the proceeding will be held in abeyance in the interim. ¶ Decision withheld, and matter remitted to County Court of Tompkins County for further proceedings not inconsistent herewith. Kane, J. P., Main, Yesawich, Jr., and Harvey, JJ., concur.

■ In the Matter of the Claim of DONALD J. SOBISKI, Respondent, v DON GREEN, Doing Business as DPS AUTOMOTIVE, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeals from a decision of the Workers' Compensation Board, filed November 24, 1982, and an amended decision filed May 23, 1983. ¶ While conceding that claimant sustained a work-related accidental injury to his back on March 15, 1977, the employer contends that the record lacks substantial evidence to support a finding that claimant's disability subsequent to January 30, 1978 was causally related to the industrial accident. The Board's decision refers, *inter alia,* to the testimony of a physician who first saw claimant on February 1, 1978, when he was suffering substantial back pain after shoveling snow and attempting to push his car. After being advised of the prior work-related back injury, the physician expressed the opinion that the prior injury contributed to his disability and that the snow shoveling incident constituted · an aggravating factor. She declined, however, to express an opinion as to the apportionment of claimant's disability between the two incidents. The employer recognizes the general rule that the Board's finding of causal relationship will not be disturbed where it rests upon a choice between conflicting expert medical opinions (see, e.g., *Matter of Bartolotta v Metz,* 96 AD2d 636), but contends that the physician's refusal to make an apportionment deprives her testimony of any probative value. We disagree. ¶ The physician's testimony reveals that while she was of the opinion that claimant's work-related back injury probably contributed to his disability by aggravating the underlying condition, she could not make an apportionment based upon the history available to her. The Board made a temporary award, based upon findings of accident, notice and causal relationship, and restored the matter to the Trial Calendar for further development of the record on the issues of average weekly wage, apportionment and degree of causally related disability. In view of the physician's testimony referred to above, and other medical proof in the record, it cannot be said that the Board's decision lacks a rational basis. It must, therefore, be affirmed. ¶ Decisions affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.