■ In the Matter of the Claim of JOAN CARPINO, Respondent, v TREASURE CHEST RESTAURANT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed February 17, 1984.

Claimant's husband, a chef, suffered a heart attack at the employer's place of business during working hours on July 6, 1978. He was hospitalized for two weeks, and five days after his release, he suffered a fatal heart attack at home. Claimant's application for death benefits was controverted by the employer for lack of adequate notice and no compensable accident. The board concluded that decedent's work efforts precipitated his heart attack and that his subsequent death was causally related to his employment. Neither the referee nor the board ruled on the alleged inadequacy of the notice.[*]

The employer contends that decedent had a preexisting coronary artery disease, with such risk factors as heavy cigarette smoking, poor family history and hypertension. Citing *Matter of Currie v Town of Davenport* (37 NY2d 472), the employer maintains that the mere occurrence of claimant's heart attack while on the job is insufficient to support the board's finding of causal relationship. That case, however, is distinguishable in two important aspects. First, in *Currie* there was no evidence that the work performed by the decedent was any more strenuous than the ordinary wear and tear of life. In contrast, there is proof in this record that decedent's job required him to work long hours, that the kitchen was very hot and that decedent's work routinely required heavy lifting. Second, the board in *Currie* found no causal relationship, relying upon expert medical testimony

---

[*] Accordingly, we do not reach the issue either.

that decedent's death was due to his preexisting cardiac pathology and rejecting expert testimony that his death was related to his employment. Here, too, conflicting expert medical opinions were presented by the parties, but the board elected to accept the testimony of claimant's expert that decedent's heart attack was related to the strenuous efforts of his employment, rejecting the testimony of the employer's expert that decedent's heart attack was solely the result of his preexisting condition. As noted by the court in *Currie*: "[T]he board itself is not bound to accept the testimony of any one expert or group of experts. It is free to choose those it credits and reject those it does not * * * particularly in a case like the one before us, where the opinions were based not so much on facts as on inferences of fact" (*id.,* at p 476 [citations omitted]). Since there was substantial evidence of effort in the work, strenuous for this decedent and associated medically with his death, the board could find his death an accident within the meaning of the Workers' Compensation Law (see *Matter of McCormick v Green Bus Lines,* 29 NY2d 246). Its decision, therefore, must be affirmed.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.