■ In the Matter of the Claim of GLORIA J. NICHOLS, Respondent, v C.N.Y. BOTTLE COMPANY et al., Appellants, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent. —Mahoney, P. J. Appeal from an amended decision of the Workers' Compensation Board, filed November 1, 1984, which ruled that claimant's decedent sustained an accidental injury in the course of his employment and awarded benefits.

Decedent was employed by C.N.Y. Bottle Company when, on January 4, 1979, during his work shift, he suffered a fatal heart attack. Claimant, decedent's widow, filed a claim for death benefits which was controverted by the employer and its carrier. After a hearing, a Workers' Compensation Law Judge found decedent's death to be compensable and awarded claim-

ant benefits. Upon review, the Workers' Compensation Board affirmed. The employer and carrier now appeal, contending that decedent's death was not causally related to his employment and that claimant is not a widow entitled to benefits.

While the employer and carrier offered some evidence that the work performed by decedent on the day in question was routine, there was ample evidence that the work was strenuous. Further, there was expert medical evidence that the type of work performed by decedent could precipitate a heart attack. Given the conflicting evidence, resolution of this issue was within the province of the Board (see, Matter of Gates v McBride Transp., 60 NY2d 670; Matter of Carpino v Treasure Chest Rest., 106 AD2d 782, mod on other grounds 65 NY2d 782). Therefore, the Board's finding of causally related accident is supported by substantial evidence.

The employer and carrier also contend that claimant was not decedent's widow at the time of his death, apparently alleging that they were separated at the time. It is true that a claimant has the burden of proof of establishing status as a widow (see, Matter of Hess v Dairymen's League Coop. Assn., 9 AD2d 585, affd 13 NY2d 975). Here, claimant testified that she was married to decedent and that she paid the funeral bill. She also submitted a valid marriage certificate. Since claimant established, prima facie, that she was decedent's widow, the burden of going forward with evidence shifted to the employer and carrier. They offered no proof on this issue. They did ask claimant during cross-examination whether there were any "actions pending". Claimant's objection to this question was properly sustained as irrelevant since whether a marital action is pending has nothing to do with whether a claimant has abandoned a decedent (see, Workers' Compensation Law § 16 [1-a]). The Board properly found that the record was devoid of any evidence of abandonment.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.