■ PAMELA L. VAN WIE, Appellant, v RICHARD H. VAN WIE, Respondent.—Harvey, J.

Plaintiff and defendant were married in 1966. In June 1984, they entered into a separation agreement which provided, *inter alia,* that plaintiff had no claim to the marital residence and that she waived any right to maintenance. Although the record is less than adequate, it appears that the marital residence was the primary asset of the marriage. In September 1984, plaintiff was granted a judgment of divorce against defendant on the ground of cruel and inhuman treatment. The June 1984 separation agreement was incorporated, but not merged, into the divorce decree.

In March 1985, plaintiff commenced this action to have certain provisions of the separation agreement declared void and to impose a constructive trust on the marital residence. Plaintiff contended that the terms of the separation agreement were procured by defendant's fraud, duress and misrepresentation. Defendant moved to dismiss the action on the grounds of documentary evidence, res judicata and failure to state a cause of action. Relying on the res judicata defense, Special Term granted defendant's motion to dismiss the complaint. This appeal ensued.

We agree with plaintiff's contention that res judicata was not an appropriate ground for dismissal of this action. Res judicata bars a subsequent action when a final judgment has previously been rendered on the merits *(O'Brien v City of Syracuse,* 54 NY2d 353; *see generally,* Siegel, NY Prac §§ 444-447, at 589-593). Here, the merits of plaintiff's contention that the separation agreement was procured through fraud have not been previously litigated. Plaintiff seeks to challenge the validity of the separation agreement, not the judgment of divorce *(see, Fasoli v Fasoli,* 101 AD2d 616). A separation agreement which is incorporated, but not merged, into a divorce decree survives the decree and the decree does not bar a subsequent challenge to the validity of the separation agreement based on fraud *(Strauss v Strauss,* 78 AD2d 549).

This court's decision in *Lahaie v Stortecky* (91 AD2d 723), relied on by defendant, is clearly distinguishable. In *Lahaie,* all of the parties' marital property was disposed of in the divorce decree. The decree explicitly superseded any prior agreement *(id.,* p 724). Furthermore, the plaintiff in *Lahaie* had previously brought a motion to vacate the decree, which was denied. Thus, while the plaintiff in *Lahaie* was attempting to relitigate the validity of a decree which she had previously challenged in court, plaintiff here is seeking for the first time to challenge the validity of a separation agreement

entered into before the divorce and which survived the divorce decree.

As an alternative ground to support his motion to dismiss, defendant contends that plaintiff's allegations of fraud are insufficient to state a cause of action. A request for equitable relief from the terms of a separation agreement must be set forth in detail and with particularity *(Surlak v Surlak,* 95 AD2d 371, 381, *appeal dismissed* 61 NY2d 906).* Judicial review of separation agreements is exercised sparingly *(Christian v Christian,* 42 NY2d 63, 71-72). When a party is represented by counsel, subsequent allegations of fraud are generally unpersuasive *(see, e.g., Beutel v Beutel,* 55 NY2d 957; *Sheil v Sheil,* 114 AD2d 496). This is particularly true if the terms of the agreement were either accepted by the plaintiff for a reasonable period of time *(Beutel v Beutel, supra; Surlak v Surlak, supra,* p 381) or if the terms are not patently unfair *(Weinstein v Weinstein,* 109 AD2d 881, 882).

Here, plaintiff submitted an affidavit in which she alleged that defendant intimidated her physically and psychologically into accepting the terms of the separation agreement. She further averred that her attorney was paid by defendant and that he failed to inform her of her potential rights to marital assets. These bare allegations, however, are not sufficient grounds to disturb a separation agreement, especially where, as here, the acknowledgments of the agreement are to the contrary *(see, Weinstein v Weinstein, supra,* p 882).

It is significant, however, that the terms of the separation agreement appear on their face to award virtually all of the assets of the marriage solely to defendant *(cf. Christian v Christian, supra,* pp 72-73). The primary marital asset appears to be the parties' house and lot. Plaintiff alleged that she helped build the house and that some of the money to acquire the property came from her parents. The apparent inequity of the agreement in this regard is particularly troublesome in light of the fact that the parties were married nearly 20 years.

It certainly may be true, as plaintiff's former attorney stated in an affidavit submitted by defendant in support of the motion to dismiss, that plaintiff was apprised of her rights and chose to waive them in order to expedite the divorce process. However, on a motion to dismiss, our inquiry is limited to determining whether issues of fact exist *(see,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.36).

It is also significant that plaintiff promptly brought the action to set aside the separation agreement. This action was

commenced less than a year after she entered into the separation agreement which she now attacks. We are constrained to conclude that plaintiff has set forth sufficient facts to withstand a motion to dismiss for failure to state a cause of action.

It is not necessary to consider defendant's defense of documentary evidence since he failed to address the issue in his brief *(see, Davis v Sapa,* 107 AD2d 1005).

Order reversed, on the law, without costs, and motion denied. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.