In the Matter of the Claim of HERMAN SILVERMAN, Respondent, v. LITTLE WEST MANUFACTURING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from the original and two supplemental decisions of the Workmen's Compensation Board. Claimant was employed as a production manager and cutter for a garment manufacturer. His duties required the lifting of cases of goods weighing between 100 and 300 pounds several times each day. Sometime in 1953 or 1954 while lifting a case weighing about 250 pounds claimant experienced a pain in his lower right abdomen which thereafter recurred from time to time during the course of his work. He detected a swelling in the inguinal area. Some months later at the suggestion of a brother-in-law he procured and began to wear a truss. In July, 1957 Doctor Standard, whom he had consulted, advised him to obtain a new truss. In late December, 1958 claimant first informed the employer of his injury and on January 20, 1959 filed a claim for compensation. On January 21, 1959 he was examined by Doctor Pollack who diagnosed his condition as a right inguinal hernia and recommended surgical intervention. Claimant continued to work until the end of January. Appellants challenge the board's findings that claimant sustained an occupationally caused hernia, that the claim was timely filed and oral notice of injury given and its determinations excusing the failure to give written notice to the employer and fixing the date of disablement as January 21, 1959. The fact that there was testimony concerning a specific incident did not necessarily require the board to classify the hernia as an accidental injury. (*Matter of Makowsky* v. *Darling & Co.*, 18 A D 2d 1120, mot. for lv. to app. den. 13 N Y 2d 594.) There is authority that an inguinal hernia may be an occupational disease (*Matter of Miner* v. *Duchess Fabrics*, 8 A D 2d 549). The issue of occupational causation was factual and thus within the province of the board to determine. Its conclusion is, in our view, supported by sub-

stantial evidence. Obviously, the board fixed as the date of disablement that on which Doctor Pollack's examination revealed a hernial condition of such severity as to limit claimant's work and mandate immediate surgical correction. We cannot say as a matter of law that this was not the date on which claimant first needed medical attention for a condition described by the carrier's expert as a complete scrotal hernia which by inference could be deemed slowly to have developed. The finding of the board was factually permissive and legally supported by the decisional law. (*Matter of Ryciak* v. *Eastern Precision Resistor*, 12 N Y 2d 29; see, also, Workmen's Compensation Law, § 42; *Matter of Cole* v. *Saranac Lake Gen. Hosp.*, 282 App. Div. 626; *Matter of Reisinger* v. *Liebmann Breweries*, 7 A D 2d 658.) The date of disablement as determined by the board fixed the time limitation for the filing of the claim. (*Matter of Reisinger* v. *Liebmann Breweries, supra.*) Clearly the instant filing was timely. (Workmen's Compensation Law, § 28.) It is conceded in the employer's report of injury filed on January 21, 1959 that oral notice was given on December 29, 1958. As we have noted the claim was filed on January 20, 1959. These facts alone provided ample basis for the exercise of the board's excusal power. (*Matter of Low* v. *Greater New York Assn.*, 8 A D 2d 862.) The further point urged by appellants on appeal that the claim is barred by the provisions of section 40 of the Workmen's Compensation Law was not raised in the application for review before the board and thus is not available here. (*Matter of Chersi* v. *Lulich Constr. Co.*, 19 A D 2d 672; Workmen's Compensation Law, § 23.) Decisions unanimously affirmed, with costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.