■ In the Matter of the Claim of FRANCES FLANNERY, Respondent, v NEW YORK NEWS, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed September 30, 1980. Claimant is the widow of Martin Flannery, who was employed as a pressman for the New York News for approximately 26 years. In the course of his employment, he was exposed to such noxious substances as ink mists, paper dust, chemical reducers, kerosene and lead on a daily basis. In his later years, he suffered from bronchitis and emphysema, among other

things, and lung cancer. He died on October 12, 1977. A physician who examined and treated decedent prior to his death testified that his death resulted from the lung cancer which, in his view, was caused by the carcinogenic effect of foreign substances to which decedent was exposed during the years of his employment as a pressman. The carrier's expert testified there was no causal relationship between decedent's employment and his death from lung cancer. While there are additional issues raised on this appeal which, among others, are related to the reliability of studies and medical literature on the subject of lung cancer, they offer no basis for reversal (*Matter of Stein v New York Times Co.,* 78 AD2d 757). Essentially, what is presented for review is a conflict of medical testimony which the board has resolved in claimant's favor. Since there is substantial evidence to support the board's decision, we must affirm (*Matter of Currie v Town of Davenport,* 37 NY2d 472). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Yesawich, Jr., and Weiss, JJ., concur.