■ BARBARA J. ALDRIDGE, Appellant, v AC ROCHESTER PRODUCTS, Also Known as DELPHI AUTOMOTIVE, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [674 NYS2d 444] —Graffeo, J. Appeal from a decision of the Workers' Compensation Board, filed June 6, 1996, which ruled that claimant's workers' compensation claim was untimely filed.

Claimant was employed by AC Rochester Products, a manufacturer of automobile parts, on its canister assembly line. On December 14, 1987 claimant experienced severe chest pain in the course of her employment and was transported to a hospital emergency room. She was treated for a possible cardiac condition but was released after an examination and tests revealed no abnormalities. After being hospitalized for chest pains two months later, claimant was examined by a cardiologist, who opined that claimant's symptoms were not attributable to a cardiac problem. John Fernandez, a physician, began treating claimant in March 1988 for potential cardiac and/or gastrointestinal maladies, and in April 1989 referred claimant to another physician, Eric Nielsen. In January 1990 Nielsen diagnosed claimant's condition as chronic pain syndrome and costochondritis dating back to December 14, 1987. Claimant filed a claim for workers' compensation on April 23, 1990. After protracted proceedings, the Workers' Compensation Board found that claimant's disability was the consequence of the December 14, 1987 accident and disallowed the claim as untimely in accordance with Workers' Compensation Law § 28.

The gravamen of claimant's argument is that she sustained an occupational disease as opposed to an accident and that her claim was filed within two years of the diagnosis.[1] Claimant asserts that her disability developed as a result of the repetitive pushing on canisters required of an assembler, and that despite her diligent efforts it took two years to secure a diagnosis of costochondritis. Pursuant to Workers' Compensation Law § 2 (15), an occupational disease is defined as "a disease resulting from the nature of employment and contracted therein" and is generally extant where an employee is exposed to injurious substances over a significant period of time (see, Matter of

---

1. Claimant acknowledges that her claim is viable only if it is deemed an occupational disease and not an accident.

*Artiste v Kingsbrook Jewish Med. Ctr.*, 221 AD2d 81). The disease must be attributable to the nature of the employment and manifested by a "recognizable link" between a working condition and the disease (*see, Matter of Harman v Republic Aviation Corp.*, 298 NY 285, 288; *Matter of Winn v Hudson Val. Equine Ctr.*, 215 AD2d 920; *Matter of Tinelli v Ken Duncan, Ltd.*, 199 AD2d 567).

We find no basis to reverse the Board's decision that the claim was untimely. Contrary to claimant's assertions, the record contains substantial evidence demonstrating that her injuries were the result of an accident (*see, Matter of Cooley v New York State Police*, 158 AD2d 828; *Matter of Silverman v Little W. Mfg. Co.*, 20 AD2d 612; *cf., Matter of Archer v IBM Corp.*, 212 AD2d 948). The claim form references an accident and claimant described experiencing sudden and severe pain as the result of the December 14, 1987 incident. This is corroborated by the physicians' medical reports which consistently relate claimant's injuries to an accident. Moreover, claimant never challenged the determination that the injury was caused by an accident and the record is devoid of medical testimony on the issue of whether claimant's injuries and/or diagnosis were attributable to an occupational disease.[2]

It is, therefore, unnecessary for this Court to consider claimant's contention that she filed her claim within two years from the date she knew or should have known that her purported occupational disease was due to the nature of employment (*see,* Workers' Compensation Law §§ 28, 45). Inasmuch as the Board's decision is supported by the record, we uphold the finding that the claim is untimely pursuant to Workers' Compensation Law § 28.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.

2. Claimant, in her challenge to the Workers' Compensation Law Judge's first determination, did not contend that the finding of an "accident" was erroneous; rather, claimant argued that the claim was timely filed since the Statute of Limitations was purportedly tolled.