■ In the Matter of the Claim of WILLIAM OLIVER, Respondent, v CHICAGO PNEUMATIC TOOL COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [735 NYS2d 214] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed May 2, 2000, which ruled that claimant suffered from an occupational disease and awarded workers' compensation benefits.

Claimant worked for the employer in a number of positions since 1965, with nearly 20 years as a gear cutter. In 1994, he began to lose his voice and ultimately a malignant carcinoma was surgically removed from his left vocal cord. The Workers' Compensation Board ruled that claimant's laryngeal cancer constituted an occupational disease and awarded claimant workers' compensation benefits. The employer appeals.

An occupational disease is defined as "a disease resulting from the nature of employment and contracted therein" (Workers' Compensation Law § 2 [15]). It "is generally extant where an employee is exposed to injurious substances over a significant period of time * * *. The disease must be attributable to the nature of the employment and manifested by a 'recognizable link' between a working condition and the disease" (*Matter of Aldridge v AC Rochester Prods.*, 251 AD2d 706 [citations omitted]). During the course of claimant's work, he was exposed to mists and vapors resulting from the use of cutting oils, including sulfur based oils. Michael Lax, a physician who specialized in occupational medicine, testified that although claimant's history of smoking and alcohol use increased his risk of developing laryngeal cancer, his prolonged exposure to cutting oils was a significant contributing factor in claimant's development of the disease. Lax based his opinion in part on certain epidemiological studies which, according to Lax, demonstrated an increased risk of laryngeal cancer among workers exposed to certain cutting oils, including those containing sulfur.

We are of the view that the evidence presented by claimant was sufficient to establish the necessary recognizable link between claimant's prolonged exposure to cutting oils and his laryngeal cancer (*see, Matter of Tinelli v Ken Duncan, Ltd.*, 199 AD2d 567). The employer contends that the opinion presented by Lax was insufficient but, after reviewing the totality of his testimony, we cannot say that his opinion is "so speculative as to be bereft of any probative value" (*id.*, at 569). Contrary to the employer's claim, Lax did not testify that the causal relationship between plaintiff's cancer and his exposure to cutting oils was merely a possibility. Under the Workers' Compensation Law, a medical opinion need not "be expressed with absolute or reasonable medical certainty * * *. All that is required is that it be reasonably apparent that the expert meant to signify a probability as to the cause and that his opinion be supported by a rational basis" (*Matter of Van Patten v Quandt's Wholesale Distribs.*, 198 AD2d 539 [citations omitted]). The testimony offered by Lax satisfied this standard.

In addition to disagreeing with Lax on the ultimate issue of causation, the employer's expert identified what he believed were a number of flaws in the studies on which Lax relied. The employer contends that these flaws deprived the studies and, therefore, the opinion offered by Lax of any probative value. We conclude, however, that the experts' sharply divergent opinions regarding the accuracy and reliability of the studies,

together with the conclusions to be drawn therefrom, presented an issue for the Board to resolve (*see, Matter of Flannery v New York News*, 85 AD2d 814), as did the existence of studies which found no correlation between laryngeal cancer and exposure to cutting oils. The Board's decision is supported by substantial evidence and, therefore, it must be affirmed despite the existence of evidence which would support a contrary result.

Spain, J. P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without cost.