■ In the Matter of the Claim of MARY WALSH, Respondent, v CAROLINA FREIGHT CARRIERS CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed May 20, 1981, which ruled that claimant's decedent sustained an accidental injury in the course of his employment and awarded benefits. On November 22, 1977, two days before the Thanksgiving holiday, decedent experienced chest pains while moving boxes in connection with his work as a truck driver with the employer. He worked the next day and again experienced discomfort. On the day after Thanksgiving, decedent visited his physician and was immediately hospitalized. He died the following day. After a claim for death benefits was filed on behalf of decedent's widow and minor child, a hearing officer issued a determination establishing accident, notice and causally related death. Upon appeal, the board affirmed, holding "that decedent's work activities on 11/22/77 superimposed on his underlying coronary atherosclerosis was .strenuous * * * and precipitated a cardiac event * * * [and] that this constitutes an accident within the meaning of the law and that the resultant death is causally related thereto". The self-insured employer appeals. We affirm. The record clearly establishes that decedent sustained an accidental injury in the course of his employment which ultimately caused his death. At the hearing, claimant's doctor testified that decedent's work activities on the date of his accident, when superimposed on his underlying coronary condition, precipitated a cardiac event which led to his death. Medical proof to the contrary did no more than create a credibility issue between conflicting views of expert witnesses which the board was free to resolve (*Matter of Underdown v Treadwell Corp.*, 89 AD2d 661; *Matter of Nizich v Robert F. Barreca, Inc.*, 86 AD2d 917). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.