■ In the Matter of the Claim of ROMEO LEMERY, Respondent, v FLINTKOTE COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed September 27, 1983, which held that claimant had a continuing partial disability resulting from his employment.

In 1967, claimant developed acute pharyngitis and bronchitis. The condition did not cause him to lose any time from work between that date and 1973. In 1973, claimant's employer changed from a "wet" manufacturing process of cement to a "dry" process which produced exceptionally fine, powdery cement. This change caused the working environment to become extremely dusty and claimant was exposed to this condition nearly constantly throughout each working day. His health rapidly deteriorated immediately following his employer's process change, and he contracted pneumonia in 1973 which forced him to stop working for three months. Thereafter, his condition progressively worsened as he experienced almost constant chest pain, severe dypsnea, expectoration of mucus and recurrent coughing spells. He was hospitalized for approximately three weeks in November, 1978 and was unable to return to work

until April 15, 1979. Treating physicians diagnosed these attacks of respiratory illness as chronic bronchitis. Upon the advice of his physician, claimant ceased work for two weeks which, according to his doctor, significantly resolved his symptoms of coughing, wheezing and shortness of breath. However, shortly after he returned to work his symptomatology was significantly exacerbated. He was then advised that he should not return to work under circumstances in which he was exposed to dust. After a period of time, he was re-employed by the same employer as a janitor outside the dust-filled area and his symptomatology diminished to nonincapacitating.

His claim for workers' compensation benefits was allowed by decision of the Board filed September 27, 1983. The Board specifically found that claimant's exposure to cement dust during the course of his employment aggravated a preexisting nondisabling bronchitis to the point that it became disabling. It is from that decision that the employer and its insurance carrier appeal.

The employer and its carrier contend that an occupational aggravation of a previously active nonoccupational disease is not compensable. We disagree. "The ultimate test is not the initiation or precipitation of the disease itself, but whether the employment acts upon that disease or condition in such a manner as to cause a disability which did not previously exist" (*Matter of Perez v Pearl-Wick Corp.,* 56 AD2d 239, 241). The causal relationship between a claimant's employment and its effect upon a preexisting condition is a factual question for the Board (*Matter of Walsh v Carolina Frgt. Carriers Corp.,* 91 AD2d 758). The Board decided in this case that although claimant's bronchial condition dates back to 1967, it was only after extensive and prolonged exposure to cement dust at work that claimant's condition became incapacitating (see *Matter of Hollander v Valor Clothers,* 91 AD2d 731, 732). Substantial evidence supports the Board's decision.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney. P. J., Casey, Weiss, Levine and Harvey, JJ., concur.