■ In the Matter of the Claim of MICHAEL COCCO, SR., Respondent, v NEW YORK CITY DEPARTMENT OF TRANSPORTATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [697 NYS2d 751] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed August 12, 1998, which ruled that claimant had an occupational disease and made an award of workers' compensation benefits.

Claimant is totally disabled as a result of chronic obstructive pulmonary disease and has not worked since June 1993. He had previously worked as a bridge painter for 36 years, with the last seven or eight of those years working for the employer. The Workers' Compensation Board found that claimant's work for the employer had aggravated his preexisting chronic obstructive pulmonary condition and that, therefore, his disability was the result of an occupational disease within the meaning of Workers' Compensation Law § 3 (2) (30). The employer appeals.

Where, as here, an occupational disease claim is based on the aggravation of a preexisting condition, this Court has long recognized the distinction between the aggravation of a previously active disabling condition and the aggravation of a condition which was previously dormant and not disabling (*see, Matter of Perez v Pearl-Wick Corp.*, 56 AD2d 239, 241). "To be compensable, the preexisting condition must be dormant and nondisabling and some distinctive feature of the employment must cause disability by activating the condition" (*Matter of Hollander v Valor Clothers*, 91 AD2d 731, 732). Claimant's testimony that he was unaware of, and unaffected by, any pulmonary problems prior to the onset of the disability in 1993, which was not contradicted by any of the expert testimony or other evidence in the record, establishes the dormant and nondisabling nature of the preexisting condition.

With regard to causation, the focus of an occupational disease claim is on the nature of the work and not the nature of the workplace environment (*see, Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.*, 84 NY2d 129, 136). Thus, "[t]here must be a recognizable link between the disease and some distinctive feature of the claimant's job" (*Matter of Harman v Republic Aviation Corp.*, 298 NY 285,

288; *see, Matter of Bryant v City of New York,* 252 AD2d 777, *lv denied* 92 NY2d 813). This link need not be established by statistical studies evidencing a correlation between the particular employment and the disease (*see, Matter of Tinelli v Ken Duncan, Ltd.,* 199 AD2d 567, 568).

The record establishes that claimant's work as a bridge painter for the employer included sandblasting, paint stripping and spraying red lead paint, resulting in his exposure to noxious substances which constitutes a distinctive feature of employment (*see, id.*). Claimant's expert attributed claimant's poor pulmonary reserve to the chronic inhalation of noxious substances during the course of his work for the employer. While recognizing that chronic pulmonary obstructive disease is often the result of "the composite of many things", including smoking, claimant's expert testified that the exposure to noxious substances in the course of claimant's work for the employer was a causative factor. The employer's expert conceded that exposure to chemicals from painting bridges and to dust from sandblasting can be a cause of chronic pulmonary obstructive disease.

Claimant's testimony and the expert testimony support the conclusion that claimant's pulmonary condition was dormant and nondisabling, and that his exposure to noxious substances as a bridge painter for the employer acted on the preexisting condition in such a manner as to cause disability which did not previously exist (*see, Matter of Cea v Combined Life Ins. Co.,* 134 AD2d 696). The Board's decision is supported by substantial evidence and, therefore, will not be disturbed.

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.