■ In the Matter of the Claim of DARLENE A. JARVIS, Respondent, v STEWART AIRPORT DINER et al., Appellants. WORKERS'

COMPENSATION BOARD, Respondent. [706 NYS2d 508] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed October 15, 1997, which ruled that claimant sustained an occupational disease and awarded workers' compensation benefits.

Claimant, who had suffered from problems with her back for a number of years, filed an application for workers' compensation benefits alleging that she experienced sudden numbness on the right side of her body while carrying plates to a table during the course of her employment as a waitress. The employer and its workers' compensation insurance carrier (hereinafter collectively referred to as the employer) controverted the claim, and the matter proceeded to a hearing. Ultimately, the Workers' Compensation Board ruled that claimant had sustained an occupational disease and awarded claimant benefits from November 19, 1992 (the date of injury) to June 25, 1993 (the date upon which claimant initially returned to work). This appeal by the employer ensued.

To establish a claim of occupational disease based upon the aggravation of a preexisting condition, such " 'preexisting condition must be dormant and nondisabling and some distinctive feature of the employment must cause disability by activating the condition' " (*Matter of Cocco v New York City Dept. of Transp.*, 266 AD2d 634, quoting *Matter of Hollander v Valor Clothers*, 91 AD2d 731, 732). As to the dormancy issue, claimant does not dispute and the record readily reveals that claimant sustained a childhood back injury that has caused her to experience pain and discomfort for a number of years. The dispositive issue, however, is not whether claimant's preexisting condition caused her pain but, rather, whether claimant's employment acted upon her condition in such a manner as to cause a disability that did not previously exist (*see, Matter of Cea v Combined Life Ins. Co.*, 134 AD2d 696, 697; *Matter of Lemery v Flintkote Co.*, 105 AD2d 538, 539). In this regard, claimant's testimony that her back condition had neither prevented her from waitressing in the past nor previously manifested itself in the form of total right-side numbness is sufficient to establish the dormant and nondisabling nature of her preexisting condition (*see, Matter of Cocco v New York City Dept. of Transp.*, *supra*, at 634).

As to the issue of causation, claimant's chiropractor testified

that the distinctive features of claimant's work* exposed claimant to "repetitive occupational microtrauma," which aggravated claimant's preexisting condition to the point of total disability. To the extent that the employer presented medical testimony to the contrary, this merely presented a factual issue for the Board to resolve (*see, Matter of Masi v Town of Clarkstown*, 260 AD2d 889, 890). As the record as a whole contains substantial evidence to support the Board's findings, its decision must be affirmed.

Mercure, J. P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.

* On this point, claimant testified and the chiropractor acknowledged that claimant's waitressing duties, which included serving customers and bussing/cleaning her tables or station, required repeated lifting and bending.