◼ In the Matter of the Claim of MICHAEL GARRIO, Appellant, v MICHAEL DONOVAN et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [737 NYS2d 161] —Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed November 3, 2000, which ruled that claimant's lung disease was not causally related to his employment and denied his claim for workers' compensation benefits.

Claimant, who worked as a porter-cleaner at a public school for 18 years, underwent a pneumonectomy for lung cancer in 1989 and has been disabled ever since. The Workers' Compensation Board concluded that his disabling lung condition was not causally related to his employment and he appeals from the Board's decision, claiming that the evidence demonstrates

the necessary link between his disease and his employment. We affirm the Board's decision.

In addition to the lung cancer, the diagnosis by claimant's treating physician included asbestosis, chronic bronchitis and chronic obstructive pulmonary disease, all of which he opined were causally related to claimant's exposure to asbestos, coal dust and soot during his employment. The employer's expert, in contrast, concluded that the only conditions suffered by claimant were the lung cancer and emphysema, both of which were caused by claimant's heavy cigarette smoking and not by his employment. The impartial specialist's report essentially agreed with the conclusion reached by the carrier's expert.

Although the impartial specialist testified that it was theoretically possible for exposure to asbestos, coal dust and soot to cause or contribute to lung cancer, he also testified that the likelihood that claimant's condition was caused by anything other than cigarette smoking was minimal. Read as a whole, it is reasonably apparent that the impartial specialist's testimony was meant to signify a probability as to the cause, which is all the certainty that is required of an expert's opinion in workers' compensation cases, provided that the opinion is supported by a rational basis (*see, Matter of Van Patten v Quandt's Wholesale Distribs.*, 198 AD2d 539), as it is here. The opinions of the impartial specialist and the carrier's expert provide substantial evidence to support the Board's decision, despite the contrary opinion expressed by claimant's treating physician, for "this case involves the very type of conflict in medical opinion that is within the province of the Board to resolve, particularly where, as here, the Board has to determine whether the medical evidence establishes causality" (*Matter of Altes v Petrocelli Elec. Co.*, 283 AD2d 829, 830). Accordingly, the Board's decision is affirmed.

Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.