In the Matter of the Claim of DIANA F. HOSMER, Respondent, v EMERSON POWER TRANSMISSION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [744 NYS2d 258] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed June 7, 2001, which ruled, inter alia, that claimant sustained a causally related occupational disease.

In 1972, claimant began working for the employer hand-assembling industrial chain to be used in machinery. Her duties entailed handling the links and pins, which had been coated with a black powdery lubricant known as molykote, and manually putting the pieces together. In 1998, claimant began experiencing respiratory problems and sought medical treatment. She eventually stopped working on June 9, 1999, having developed severe sinusitis and airway irritation. Thereafter, she filed a claim for workers' compensation benefits. Following a hearing, a Workers' Compensation Law Judge established the case for accident, notice and causal relationship. Upon appeal, the Workers' Compensation Board modified this decision to the extent of reestablishing the case for occupational disease involving sinusitis and/or airway irritation superimposed upon a preexisting allergic sensitivity. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) appeal.

The employer contends that there is no scientific evidentiary basis supporting the Board's finding of a causal relationship between claimant's medical condition and her exposure to molykote. We disagree. Michael Lax, a physician specializing in occupational medicine who examined claimant on May 26, 1999, testified that he initially diagnosed claimant with rhinosinusitis, upper airway irritation and asthma. He opined that claimant's exposure to molykote in the workplace was a significant factor contributing to her symptoms. He indicated that the material safety data sheets concerning molykote reveal that it is irritating to the breathing passages, particularly in dust form. He further stated that, although claimant's smoking history contributed to an underlying chronic lung problem, her symptoms of nose, sinus and upper airway irritation were unrelated to smoking. While the employer's expert gave a contrary opinion, it is the province of the Board to resolve conflicts in medical opinion, " 'particularly where, as here, the Board has to determine whether the medical evidence establishes causality' " (*Matter of Garrio v Donovan*, 290 AD2d 913, 914, quoting *Matter of Altes v Petrocelli Elec. Co.*, 283 AD2d 829, 830; *see*, *Matter of Tompkins v Sunrise Heating Fuels*, 271 AD2d 888, 889). Unlike *Matter of Marks v County of Tompkins* (274 AD2d 764) and *Matter of Ellis v County of Tompkins* (274 AD2d 766), relied upon by the employer, Lax's medical opinion was not based on "the unsubstantiated assumption that environmental contaminants actually existed at claimant's workplace" (*Matter of Marks v County of Tompkins, supra* at 765). Rather, the evidence is undisputed that airborne molykote particles were, in fact, present in claimant's work

area and she was exposed to them, notwithstanding the absence of OSHA violations.

Likewise, we reject the employer's claim that claimant's condition was attributable to the aggravation of a preexisting and active disabling disease. Claimant's allergist testified that claimant had many allergies which did not originate in the workplace but were exacerbated by it. While claimant missed some work time due to her allergies, there is no evidence in this record that the lost work time was significant or that the allergies in and of themselves were disabling. Insofar as the record supports the Board's finding that the molykote exposure aggravated a "previously dormant and not disabling" condition (*Matter of Cocco v New York City Dept. of Transp.*, 266 AD2d 634, 634), we find no reason to disturb the Board's decision.

Crew III, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, with costs.