■ In the Matter of the Claim of THERESA GANDOLFO, Respondent, v MTK ELECTRONICS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [761 NYS2d 372] —Carpinello, J. Appeals (1) from a decision of the Workers' Compensation

Board, filed February 5, 2001, as amended by decisions filed March 19, 2002 and June 13, 2002, which ruled that claimant sustained a casually related occupational disease and awarded workers' compensation benefits, and (2) from three decisions of said Board, filed March 21, 2002, July 9, 2002, and September 16, 2002, which denied requests by the employer and workers' compensation carrier for reconsideration or full Board review.

In the course of her employment with MTK Electronics between January 11, 1993 and November 22, 1997, claimant assembled, soldered and degreased electronic parts. According to claimant, she was exposed to the chemical trichloroethylene or trichloroethane nearly every workday during this time period. In 1995, claimant was diagnosed with Hodgkin's disease, which is presently in remission. Following an application for benefits and various hearings at which conflicting factual and expert testimony was presented, a Workers' Compensation Law Judge (hereinafter WCLJ) concluded that claimant met her burden of establishing a causally related occupational disease and granted her claim for benefits. At issue on appeal are decisions of the Workers' Compensation Board affirming the WCLJ's findings in this regard and also denying applications by MTK and its workers' compensation carrier (hereinafter collectively referred to as the employer) for full Board review and reconsideration.

According to the testimony of claimant's treating physician, who specializes in occupational medicine, the cause of claimant's Hodgkin's disease was environmental, namely, her cumulative exposure at work to certain chemicals (i.e., trichloroethylene and trichloroethane).* He based this opinion on claimant's medical history, which negated other suggested causes of the disease (*compare Matter of Keeley v Jamestown City School Dist.*, 295 AD2d 876 [2002]), as well as his review of medical studies suggesting a link between exposure to organic solvents and Hodgkin's disease. The employer's expert testified that, although he could not state with certainty what caused claimant's Hodgkin's disease, there is no "proven or strongly expected causal link between Hodgkin's disease and exposure to chemicals," particularly in this case where the period of latency was so short. Upon weighing the opinions of these two physicians, the WCLJ concluded that greater weight must be given to that of claimant's expert, a conclusion the

---

* Even though the employer presented conflicting factual evidence concerning claimant's exposure to trichloroethylene, claimant clearly testified that she was exposed to this chemical nearly every day at work (*cf. Matter of Freitag v New York Times*, 260 AD2d 748, 749 [1999]).

Board found to be "fully supported" upon its independent review of the medical testimony and literature received into evidence.

As repeatedly noted by this Court, it is the province of the Board to weigh conflicting medical opinions (*see e.g. id.* at 877). Upon our review of the record, even though there was evidence to support a contrary result, we conclude that substantial evidence supports the Board's finding that claimant's Hodgkin's disease was causally related to her employment (*see e.g. Matter of McCabe v Watertown Correctional Facility*, 301 AD2d 766 [2003]; *Matter of Cocco v New York City Dept. of Transp.*, 266 AD2d 634 [1999]; *Matter of Morrell v Onondaga County*, 238 AD2d 805 [1997], *lv denied* 90 NY2d 808 [1997]; *Matter of Gonzalez v Ozalid Corp.*, 235 AD2d 859 [1997]; *Matter of Tinelli v Ken Duncan, Ltd.*, 199 AD2d 567 [1993]). We are unpersuaded by the employer's argument that the opinion of claimant's expert was too speculative to be relied upon by the Board (*cf. Matter of Ayala v DRE Maintenance Corp.*, 238 AD2d 674 [1997], *affd* 90 NY2d 914 [1997]). Said differently, upon our review of the record, this expert offered "[a] medical opinion, with a supporting medical hypothesis, * * * sufficient to support the Board's finding of a causal relationship" (*Matter of Van Patten v Quandt's Wholesale Distribs.*, 198 AD2d 539, 539 [1993]; *see Matter of Cocco v New York City Dept. of Transp., supra; Matter of Tinelli v Ken Duncan, Ltd., supra*).

Moreover, the record further supports the Board's conclusion that claimant in fact suffered from an occupational disease; that is, claimant's expert demonstrated the requisite link between her Hodgkin's disease and a distinctive feature of her employment, namely, her exposure to trichloroethylene and trichloroethane while degreasing electronic parts (*see e.g. Matter of Oliver v Chicago Pneumatic Tool Co.*, 289 AD2d 796 [2001]; *Matter of Cocco v New York City Dept. of Transp., supra; see also Matter of Goldberg v 954 Marcy Corp.*, 276 NY 313, 318-319 [1938]). The employer's remaining contentions have been reviewed and rejected as without merit.

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.