■ In the Matter of the Claim of JEANNIE M. FREDENBURG, Respondent, v EMERSON POWER TRANSMISSION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [769 NYS2d 320]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed November 27, 2002, which ruled, inter alia, that claimant sustained a causally related occupational disease.

Claimant's job with the employer exposed her to certain chemicals, including a black powdery lubricant known as molykote. She had worked at her position since 1990 and occasionally missed work because of respiratory problems in the mid-1990s. Beginning in September 1999, she missed significant periods of time from work because of asthma and she filed a claim for benefits in December 1999. Upon the advice of her physician, claimant stopped working in February 2000. Follow-

ing a hearing, the Workers' Compensation Law Judge determined that claimant had established an accident, notice and causal relationship. Upon appeal, the Workers' Compensation Board modified, finding that claimant had established her case for an occupational disease based on the demonstrated aggravation of her preexisting asthmatic condition. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) appeal.

The employer initially argues that claimant's condition was active and symptomatic since 1993 and, thus, the Board erred in finding a compensable aggravation. We cannot agree. When faced with an issue regarding the aggravation of a preexisting condition, " 'this Court has long recognized the distinction between the aggravation of a previously active disabling condition and the aggravation of a condition which was previously dormant and not disabling' " (*Matter of Guarino v Natslock & Natlock*, 278 AD2d 633, 633 [2000], quoting *Matter of Cocco v New York City Dept. of Transp.*, 266 AD2d 634, 634 [1999]). Here, the work that claimant missed during the mid-1990s was infrequent, generally a single day at a time and, in some instances, related to exposure to cigarette smoke. Following September 1999, claimant missed weeks of work at a time. Notably, her condition would improve while out of work and then decline dramatically once she returned to work. Claimant's physician, Michael Lax, who specialized in occupational medicine, attributed her condition to exposure to molykote. There is substantial evidence supporting the determination that claimant's asthma was dormant and nondisabling prior to September 1999 and that her exposure to molykote at her job caused the asthma to become disabling (*see Matter of Cocco v New York City Dept. of Transp., supra; Matter of Hollander v Valor Clothers*, 91 AD2d 731, 732 [1982]; *see also Matter of Hosmer v Emerson Power Transmission*, 295 AD2d 870, 872 [2002]).

Although the employer produced evidence from an expert indicating that the molykote levels were within OSHA guidelines, such fact does not, as urged by the employer, fatally undermine the Board's determination. As we recently held in *Matter of Hosmer v Emerson Power Transmission (supra)*, a claim similar to the current one, "the evidence is undisputed that airborne molykote particles were, in fact, present in claimant's work area and she was exposed to them, notwithstanding the absence of OSHA violations" (*id.* at 871-872). Such facts, together with the causal connection provided by Lax, supply ample evidence to support the Board's determination (*see id.*).

Finally, we find unpersuasive the employer's argument that the claim was untimely. The Board's setting of September 7, 1999 as the date of claimant's disablement was within its latitude and supported by substantial evidence, as that date was when claimant first sought treatment for what was diagnosed as a significant aggravation of her asthma and, at that time or shortly thereafter, claimant learned that the molykote exposure had triggered the new attacks (*see Matter of Hastings v Fairport Cent. School Dist.*, 274 AD2d 660 [2000], *lv dismissed* 95 NY2d 926 [2000]; *Matter of Bonneau v New York City Dept. of Sanitation*, 233 AD2d 796, 797 [1996]).

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.