■ In the Matter of the Claim of CHARLES PARADISE, Respondent, v GOULDS PUMP et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [786 NYS2d 615]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed April 15, 2003, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

In March 1993, while lifting a 300 pound carton at work, claimant sustained a causally related strain/sprain of the cervical and thoracic spine. Although he recovered and returned to work within two months, he reported in December 1993 that he had been experiencing neck pain and numbness in his left hand for several months. The numbness and pain subsided and then returned in 1997, and claimant was eventually referred to Webster Pilcher, a neurosurgeon, who diagnosed claimant as suffering from nerve root compression at C5 and C6. Pilcher followed claimant for several years and ultimately determined that the 1993 injury was the underlying cause of the compression. When Pilcher recommended surgery, the employer's workers' compensation carrier declined. The Workers' Compensation Board then found that claimant's current condition was causally related to the 1993 accident and authorized the surgery. Arguing that the Board's finding of causal relationship is not supported by substantial evidence because it is based upon a speculative opinion, the employer and carrier appeal.

---

To be sure, the Board may not rely upon a purely speculative medical opinion when resolving issues of fact (*see Matter of Chinkel v Fair Harbor Fire Dept.*, 295 AD2d 829, 829-830 [2002]). It may, however, rely upon an opinion supported by a rational basis and indicating a probability as to the underlying cause (*see Matter of Ayala v DRE Maintenance Corp.*, 238 AD2d 674, 675 [1997], *affd* 90 NY2d 914 [1997]). Here, Pilcher presented the Board with more than a mere surmise or general expression of possibility. He opined that the nerve impingements in claimant's neck were causally related to the 1993 injury. Although he was not aware of claimant's reports of earlier numbness and neck injury, he was told of them during his deposition and he unwaveringly maintained that the 1993 injury, in conjunction with the earlier work-related injuries and the demanding nature of claimant's job, caused claimant's current condition. We conclude that the Board could properly find a rational basis for Pilcher's opinion of causation and credit his opinion over that of an independent medical examiner who opined that there was no causal relationship. Thus, Pilcher's opinion, combined with other evidence in the record, provides substantial evidence to support the Board's decision.

Crew III, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.