■ In the Matter of the Claim of RAYMOND PULOS, Respondent, v ASPLUNDH TREE, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [814 NYS2d 391]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed March 30, 2005, which ruled that claimant sustained a causally related occupational disease and awarded workers' compensation benefits.

Claimant, a tree trimmer, had his case established in 1997 for the occupational disease of bilateral carpal tunnel syndrome. Thereafter, claimant sought to amend the claim by including an occupational disease pertaining to his cervical spine condition. After a workers' compensation law judge disallowed the application on the basis that the condition "was symptomatic and

required active treatment shortly before the established date of disablement," the Workers' Compensation Board reversed the decision and allowed amendment of the claim, finding that, even assuming that claimant had a preexisting cervical condition, it was "dormant and non-disabling" and any disability stemming therefrom had been brought about by the "repetitive nature of . . . claimant's work activities." The employer now appeals.

We affirm. In order to establish an occupational disease based upon an aggravation of a preexisting condition, it must be demonstrated that the condition was dormant and nondisabling and that a distinctive feature of the employment caused the disability by activating the condition (*see Matter of Fredenburg v Emerson Power Transmission*, 2 AD3d 1129, 1130 [2003]; *Matter of Jarvis v Stewart Airport Diner*, 271 AD2d 816, 817 [2000]; *Matter of Cocco v New York City Dept. of Transp.*, 266 AD2d 634, 634 [1999]). Upon our review, we find that there is substantial evidence in the record supporting the Board's determination that claimant satisfied both prongs of the aforementioned test.

With regard to the dormant and nondisabling nature of the condition, claimant testified that he injured his neck during a 1985 automobile accident, which caused him to miss two to three weeks of work before ultimately returning without restriction or further treatment. After that, according to claimant, he continued to work and did not experience any neck problems until September 1996. Claimant subsequently sought medical treatment relative to his neck complaints in December 1996 and eventually stopped working in January 1997. Although there was medical evidence indicating that he had first encountered neck pain in 1978, noted some discomfort in his cervical spine in 1989 and underwent a cervical X ray in 1994, the record evidence as a whole, in our view, establishes that claimant's cervical condition had not been actively disabling until the time that he finally had to cease working in 1997. As for a distinctive feature of claimant's employment causing his disability by activating his cervical condition, his treating orthopedist diagnosed him as suffering from cervical spine pain syndrome and opined that the specific work activities that he performed over the years as a tree trimmer, including heavy lifting, pulling brush and operating a chain saw, aggravated his neck condition and contributed in a significant manner to his pain. Based upon all of the foregoing, we will not disturb the Board's decision.

The employer's remaining contentions, to the extent not expressly addressed herein, have been examined and found to be without merit.

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.