■ In the Matter of the Claim of ANGELA MAYERS, Appellant, v KINGS COUNTY HOSPITAL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [815 NYS2d 776]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed October 12, 2004, which ruled that the death of claimant's decedent was not causally related to his employment and denied claimant's application for workers' compensation death benefits.

Decedent, a nurse's aide, was working in a psychiatric ward when he was physically attacked and beaten by a patient. Three months later, after having sought medical attention for pain, blurred vision, dizziness, insomnia, anxiety and depression, decedent was at home when he awoke at night in a distressed state. He was agitated, sweating profusely and suffering from nightmares involving the earlier assault. He died later that night of congestive heart failure. Claimant, decedent's wife, applied for workers' compensation death benefits, asserting that the beating suffered at work led to decedent's death. After a workers' compensation law judge established the case for a causally related death, the Workers' Compensation Board referred the case to an impartial specialist in the field of cardiology for further development of the record on the issue of whether there was a causal relationship between the assault and decedent's death. Following review by the specialist, the Board determined that decedent's death was not related to the assault, prompting this appeal by claimant.

It is well settled that it is for the Board to resolve conflicting expert medical testimony, especially where such testimony concerns the issue of causation (*see Matter of Kramer v Ultra Blend Corp.*, 297 AD2d 890, 890 [2002], *lv denied* 99 NY2d 506 [2003]; *Matter of Diliberto v Hickory Farms*, 236 AD2d 663, 663 [1997]). Here, notwithstanding the contrary testimony from claimant's medical expert, the Board's decision was supported by substantial evidence in the form of testimony from the impartial specialist and a cardiovascular/internal medicine physician retained by the employer's workers' compensation carrier. Both experts opined that decedent's death was due to preexisting hypertensive cardiovascular disease developed over the years and not related to the assault that occurred three months earlier (*see Matter of Pelli v St. Luke's Mem. Hosp. Ctr.*, 307 AD2d 555, 556 [2003], *lv denied* 1 NY3d 501 [2003]; *Matter*

*of Garrio v Donovan*, 290 AD2d 913, 914 [2002], *lv denied* 98 NY2d 608 [2002]). Concession by these experts that, theoretically, it is possible for extreme emotional stress to precipitate a cardiac event resulting in death, did not undermine their unequivocal opinions of no causal relationship here (*see Matter of Garrio v Donovan, supra* at 914).

Additionally, we reject claimant's contention that the Board improperly referred the matter to an impartial specialist who was not board certified in cardiology. Board certification is not required (*see Matter of Belmonte v Snashall*, 2 NY3d 560, 567-568 [2004]) and claimant has raised no other basis for her contention.

Claimant's remaining assertions, to the extent not specifically addressed herein, have been examined and found to be without merit.

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.