■ In the Matter of the Claim of EILEEN TIPPING, Appellant, v ORTHOPEDIC SURGEONS OF LONG ISLAND et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [889 NYS2d 732]—

Kavanagh, J.

Claimant worked in a medical office and, for most of her workday, was required to make frequent use of a telephone and computer. She would spend almost five hours each day on the phone and would cradle the phone with her head while she used the computer to perform other work-related duties. In April 2006, claimant sought medical attention for pain and spasms in her neck and upper back and began a regimen of physical therapy. Eight months later, in January 2007, she complained of her condition to her office manager and, in March 2007, stopped working. One month later, upon being terminated, claimant filed a claim for workers' compensation benefits. A Workers' Compensation Law Judge granted her application finding that the condition to her neck and back was an occupational disease. Upon review, the Workers' Compensation Board reversed and denied both the claim, as well as claimant's subsequent application for full Board review. Claimant now appeals from both decisions.

The Board's decision denying this claim was based upon the testimony of Matthew Chacko, a licensed neurologist who examined claimant on behalf of the employer and concluded that her neck condition was not causally related to her employment. However, Chacko acknowledged that claimant had a preexisting condition involving similar symptoms that had been caused by an incident that occurred in November 2005 when claimant injured her neck while lifting a heavy box. While Chacko was of the opinion that claimant's present condition was not caused by the manner in which she performed her work, he acknowledged, in reference to her preexisting condition, that "[i]f you have a dystonia, I mean, keeping the phone and working like that makes it worse obviously," and testified that claimant should avoid these type of activities. Both he and claimant's medical experts stated that claimant, in the period prior to her employment, had been asymptomatic and that her condition during that period of time had been dormant and nondisabling. Each also stated that her preexisting condition had been exacerbated by her employment (see Matter of Pulos v Asplundh Tree, 29 AD3d 1073, 1074 [2006]).

A preexisting condition, such as claimant's, can constitute an occupational disease if it is "demonstrated that the condition

was dormant and nondisabling and that a distinctive feature of the employment caused the disability by activating the condition" (*Matter of Pulos v Asplundh Tree*, 29 AD3d at 1074; *see Matter of Fredenburg v Emerson Power Transmission*, 2 AD3d 1129, 1130 [2003]). Given that the medical evidence before the Board established that claimant's employment activities resulted in an exacerbation of her prior condition, its conclusion to the contrary was not supported by substantial evidence (*see Matter of Norton v North Syracuse Cent. School Dist.*, 59 AD3d 890, 891 [2009]; *Matter of Shkreli v Initial Contract Servs.*, 55 AD3d 1067, 1070 [2008]). As a result, our decision renders claimant's appeal from her request for full Board review academic (*see Matter of Bates v Finger Lakes Truck Rental*, 41 AD3d 957, 960 [2007]).

Mercure, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the decision filed May 28, 2008 is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision. Ordered that the appeal from the decision filed September 19, 2008 is dismissed, without costs, as academic.