■ In the Matter of the Claim of BERNARD HECKERMAN, Respondent, v DAIMLER CHRYSLER CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [923 NYS2d 290]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed December 16, 2009, which ruled that claimant sustained a work-related accident.

Claimant worked for many years in an area of the employer's plant where overhead pipes were wrapped in asbestos insulation. In 2002, he was diagnosed with an asbestos-related lung disease and he filed a claim, which the employer contested. A Workers' Compensation Law Judge disallowed the claim in 2007, finding that claimant failed to prove an occupational disease. The Workers' Compensation Board directed that he be examined by an impartial pulmonary specialist and, after receiving the specialist's reports, the Board determined that claimant's asbestos-related lung condition was causally related to his employment and established the case for an occupational disease. The Board thereafter amended its decision changing the finding of occupational disease to accidental injury, with an August 2, 2002 accident date. The employer appeals.

We consider first the employer's argument that the Board's determination that claimant's condition is causally related to his employment was not supported by substantial evidence. "[T]he Board is the sole and final judge of witness credibility, . . . [it] may draw any reasonable inference from the evidence contained in the record, and this Court will not interfere with the Board's resolution of conflicting facts even if the evidence rejected by the Board also is substantial" (*Matter of Wilson v Southern Tier Custom Fabricators*, 51 AD3d 1228, 1229 [2008] [internal quotation marks and citations omitted]). Further, it is within the province of the Board to resolve conflicting medical evidence regarding causation (*see Matter of Ciafone v Consolidated Edison of N.Y.*, 54 AD3d 1135, 1136 [2008]; *Matter of Garrio v Donovan*, 290 AD2d 913, 914 [2002], *lv denied* 98 NY2d 608 [2002]).

Here, claimant and other workers from the employer's plant—where claimant had worked since 1977—testified about the presence of asbestos in overhead pipes, an abatement project in 1999 or 2000 in which the area reportedly was not entirely sealed off at all times, asbestos remaining on the pipes after the project, and asbestos wrapping occasionally flaking off both before and after the abatement project. Claimant's physician opined that claimant's condition was caused by his workplace exposure to asbestos. The employer's expert indicated as a likely cause claimant's exposure to asbestos when he was in the military, but the expert had incorrect information about claimant's military exposure. Although the impartial specialist did not specifically state a cause, he indicated that, given the military exposure related by claimant, such exposure would not have caused his current condition.

While conflicting proof was presented by fact witnesses about the extent of exposure and by the experts regarding causation, it is undisputed that there was exposure and that claimant has an asbestos-related lung disease. The Board credited the evidence regarding considerable exposure at the employer's plant and the testimony of his treating physician regarding causation. The employer's contention that it was arbitrary for the Board to credit claimant's physician is unpersuasive. Moreover, it is apparent that the Board rejected the employer's challenge to claimant's credibility, and we find unavailing the employer's assertion on appeal regarding such credibility determination. The record contains substantial evidence supporting the Board's finding of a causally related condition (*see generally Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev.*, 84 NY2d 129, 135-136 [1994]).

The employer further contends that the record does not support the Board's determination of August 2, 2002 as claimant's date of injury. The Board explained in its decision that claimant had lost time from work primarily due to his unrelated chronic obstructive pulmonary disease (hereinafter COPD) caused by his years of smoking. Indeed, much of his early treatment was for his COPD condition. The Board concluded that a report from claimant's physician dated August 2, 2002 constituted the first confirmed diagnosis of a causally related asbestos condition. While there was evidence that may have supported an earlier date, there is substantial evidence in the record supporting the Board's conclusion and, accordingly, we affirm (*see Matter of Guifarro v Zalman, Reiss & Assoc.*, 52 AD3d 1126, 1127-1128 [2008]; *see also Matter of Middleton v Coxsackie Correctional Facility*, 38 NY2d 130, 135 [1975]).

The employer's remaining contentions have been reviewed and found to be without merit.

Peters, J.P., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.