■ In the Matter of the Claim of ROGER CAMBY, Respondent, v SYSTEM FREIGHT, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [965 NYS2d 204]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed September 9, 2011, which ruled, among other things, that claimant sustained a work-related occupational disease and awarded workers' compensation benefits.

After passing the mandatory physical required for commercial drivers, claimant was hired in September 2009 by the employer as a tractor-trailer driver working approximately 50 to 60 hours a week. He drove both manual and automatic shift trailers and was responsible for long-haul trips that sometimes required driving 11 hours a day. According to claimant, during the week of April 4, 2010, he was required to drive in two extensive traffic jams that required him to repeatedly push down on the clutch for lengthy time periods to keep the truck from shutting off. As a result, claimant reported that he began experiencing pain in his low back, left hip and left leg. Claimant relayed the situation to his supervisor, who assigned him to a different vehicle without a clutch. Nonetheless, claimant's pain continued to worsen. He sought medical attention and, in July 2010, his treating orthopedist opined that claimant was suffering from a temporary total disability and directed that he cease working. An MRI of claimant's back revealed two disc herniations as well as nerve root irritation. The employer's workers' compensation carrier controverted claimant's application for benefits. Following hearings, a Workers' Compensation Law Judge found that claimant had an occupational disease involving injury to his lower back, left hip and left leg, and the Workers' Compensation Board affirmed. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) now appeal.

We affirm. "[T]o be entitled to benefits based upon an occupational disease, the claimant must establish a recognizable link between his or her condition and a distinctive feature of his or her employment" (*Matter of Satalino v Dan's Supreme Supermarket*, 91 AD3d 1019, 1019 [2012] [internal quotation marks and citation omitted]; *see* Workers' Compensation Law § 2 [15]). Contrary to the carrier's argument, the Board's deter-

mination that claimant's condition is causally related to his employment is supported by substantial evidence in the record (*see Matter of Baker v Weyerhaeuser*, 19 AD3d 850, 851 [2005]). Significantly, the carrier's contentions chiefly involve challenges to the Board's credibility determinations as to claimant and his medical providers. However, not only is the Board "the sole and final judge of witness credibility, . . . it is within the province of the Board to resolve conflicting medical evidence regarding causation" (*Matter of Heckerman v Daimler Chrysler Corp.*, 84 AD3d 1535, 1535 [2011] [internal quotation marks and citations omitted]).

Here, there is record proof supporting claimant's description of the onset in April 2010 of his acute low back, left hip and left leg symptoms following his excessive use of the clutch while driving a manual transmission vehicle. As for medical proof concerning causation, the Board credited the testimony of claimant's treating physicians, who opined that, in light of the history provided by claimant, his condition is causally related to his employment. While it is true that the independent medical examiner who examined claimant found no causal connection to his employment and attributed his condition to degenerative disc disease, the Board is entitled to "draw any reasonable inference from the evidence contained in the record, and this Court will not interfere with the Board's resolution of conflicting facts even if the evidence rejected by the Board" would have supported a contrary conclusion (*Matter of Wilson v Southern Tier Custom Fabricators*, 51 AD3d 1228, 1229 [2008] [internal quotation marks and citation omitted]; *see Matter of Ward v General Utils.*, 100 AD3d 1113, 1114 [2012]).

We have examined the carrier's remaining arguments and find them to be unpersuasive.

Peters, P.J., Stein and Egan Jr., JJ., concur. Ordered that the decision is affirmed, with costs to claimant.