■ In the Matter of the Claim of Timothy E. Dosztan, Respondent, v Kraft Foods et al., Appellants. Workers' Compensation Board, Respondent. [979 NYS2d 713]—

Garry, J.

Claimant, employed as an assembly line technician by the employer beginning in 2003, sought medical treatment in January 2010 for shortness of breath. As a result of his breathing difficulties, he was taken out of work from May 14, 2010 through August 11, 2010. He filed a claim for workers' compensation benefits, citing an illness to his lungs and sinuses as the result of breathing in grinding dust, cardboard dust and fumes caused by heat-shrinking polyethylene. Following hearings, a Workers' Compensation Law Judge determined that claimant had a causally related occupational airway disease and

awarded benefits for the lost time from work.* The Workers' Compensation Board affirmed and the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) appeal.

"In a claim for workers' compensation benefits based upon occupational disease, the claimant must establish a recognizable link between his or her condition and a distinctive feature of his or her employment" (*Matter of Ferraina v Ontario Honda*, 32 AD3d 643, 644 [2006] [citations omitted]; *accord Matter of Satalino v Dan's Supreme Supermarket*, 91 AD3d 1019, 1019 [2012]). The employer contends that the Board's determination is not supported by substantial evidence because it is based upon speculative medical opinion. We disagree. Claimant presented the medical reports and testimony of Michael Lax, a physician board certified in occupational medicine, and pulmonologist David Rechlin. Both diagnosed claimant as suffering from respiratory disease related to claimant's work-related exposure to cardboard dust and fumes from shrink wrapping polyethylene. Further, an industrial hygienist testified that the shrink-wrapping process used by the employer would emit respiratory irritants, and claimant's supervisor testified that claimant worked around the shrink wrapping machine on a daily basis and there was cardboard dust in his work area. In our view, although the Board "may not rely upon a purely speculative medical opinion when resolving issues of fact" (*Matter of Paradise v Goulds Pump*, 13 AD3d 764, 765 [2004]), the opinions presented by Lax and Rechlin are reliable, as they are rational and both indicated that exposure to shrink wrap fumes and cardboard dust at the workplace was the competent producing cause of claimant's condition (*see Matter of Perez v Mondial Tiles, Inc.*, 104 AD3d 998, 999 [2013]; *Matter of Paradise v Goulds Pump*, 13 AD3d at 765). Further, although the employer's medical expert concluded that claimant is not suffering from a causally related medical condition, "it is within the province of the Board to resolve conflicting medical evidence regarding causation" (*Matter of Heckerman v Daimler Chrysler Corp.*, 84 AD3d 1535, 1535 [2011]; *accord Matter of Camby v System Frgt., Inc.*, 105 AD3d 1237, 1238 [2013]).

Finally, although the employer presented evidence that the levels of contaminants emitted from the shrink wrapping process were below OSHA's permissible exposure limits, the Board's determination that claimant was exposed to contaminants in his work area is supported by substantial evidence, "notwithstanding the absence of OSHA violations" (*Matter of*

---

* Claimant returned to work in August 2010 and remains employed.

*Hosmer v Emerson Power Transmission*, 295 AD2d 870, 871-872 [2002]). Accordingly, although there was evidence in the record that could support a contrary result, we find that the Board's determination that claimant contracted a causally related occupational disease is supported by substantial evidence and it will not be disturbed (*see Matter of Laib v State Ins. Fund*, 101 AD3d 1279, 1280 [2012]; *Matter of Gandolfo v MTK Elecs.*, 306 AD2d 702, 704 [2003], *lv denied* 100 NY2d 516 [2003]).

Peters, P.J., Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.