Peters, EJ.
Appeal from a decision of the Workers’ Compensation Board, filed February 15, 2013, which ruled, among other things, that claimant’s application for workers’ compensation benefits was timely filed.
Claimant, a machine operator for the employer, sustained a work-related injury to her right shoulder in 2002. She experienced pain in that shoulder and, in 2010, underwent surgery to repair a rotator cuff tear. An occupational physician, Michael Lax, opined in 2011 that claimant’s shoulder condition consti *1313 tuted an occupational disease that had been occasioned by repetitive arm motion in the course of her employment. Relying upon that diagnosis, claimant applied for workers’ compensation benefits in 2012. A Workers’ Compensation Law Judge found that the claim was time-barred pursuant to Workers’ Compensation Law § 28 and that, in any case, claimant’s shoulder problems stemmed from the 2002 accident rather than any occupational disease. The Workers’ Compensation Board ultimately disagreed and established the claim, prompting this appeal.
Substantial evidence in the record supports the Board’s determination that the claim was not time-barred pursuant to Workers’ Compensation Law § 28, which provides that “[t]he right of an employee to claim compensation under this chapter for disablement caused by any occupational disease . . . shall be filed . . . within two years after disablement and after the claimant knew or should have known that the disease is or was due to the nature of the employment.” Claimant obtained medical treatment for her shoulder pain beginning in 2007 and, while she thought that the pain was related to her work, the record does not establish that she actually knew that it was until Lax made his diagnosis in November 2011. The Board selected November 2011 as the date of disablement and, noting the great latitude afforded to the Board in selecting such a date, we perceive no basis upon which to disturb its decision (see Workers’ Compensation Law § 42; Matter of Kasic v Bethlehem Steel Corp., 94 AD3d 1349, 1350 [2012]; Matter of Hastings v Fairport Cent. School Dist., 274 AD2d 660, 661-662 [2000], lv dismissed 95 NY2d 926 [2000]).
The Board additionally determined that claimant had an occupational disease brought about by “the distinctive repetitive aspect of her job functions” which, contrary to the argument of the employer and its workers’ compensation carrier, constitutes a rejection of the Workers’ Compensation Law Judge’s finding that claimant’s shoulder problems stemmed from the 2002 accident. Claimant asserted that her occupational disease was based upon an aggravation of a shoulder condition initially caused by the 2002 accident and, as such, was required to “demonstrate [ ] that the condition was dormant and nondisabling and that a distinctive feature of the employment caused the disability by activating the condition” (Matter of Pulos v Asplundh Tree, 29 AD3d 1073, 1074 [2006]; see Matter of Tipping v Orthopedic Surgeons of Long Is., 68 AD3d 1224, 1225-1226 [2009]). Claimant received no treatment for her shoulder between 2003 and 2007 and, inasmuch as the Board was free to credit the *1314 opinion of Lax that the repetitive arm motions required as part of claimant’s employment aggravated the condition and eventually rendered it disabling, substantial evidence supports the Board’s determination that claimant suffered from a distinct occupational disease (see Matter of Pulos v Asplundh Tree, 29 AD3d at 1074; Matter of Jarvis v Stewart Airport Diner, 271 AD2d 816, 817-818 [2000]).
Stein, Garry, Egan Jr. and Clark, JJ., concur.
Ordered that the decision is affirmed, without costs.