Matter of Freyta v Calvin Maintenance Inc. (2023 NY Slip Op 05173)

Matter of Freyta v Calvin Maintenance Inc.

2023 NY Slip Op 05173

Decided on October 12, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 12, 2023

CV-22-1887
[*1]In the Matter of the Claim of Anthony Freyta, Claimant,
v
Calvin Maintenance Inc. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:September 7, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Powers, JJ.

O'Connell Zavelo LLC, Brooklyn (Anne O'Connell Zavelo of counsel), for appellants.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for respondent.

Lynch, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed May 11, 2022, which ruled, among other things, that claimant sustained a casually-related occupational disease, and (2) from a decision of said Board, filed July 15, 2022, which denied the employer and the carrier's application for reconsideration and/or full Board review.
Claimant worked as a construction laborer for the employer beginning in May 2016 until he ceased all employment in February 2017 due to severe bilateral knee pain. On February 3, 2017, he filed a claim for workers' compensation benefits based upon "repetitive trauma" to his knees, which claim was controverted by the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier). Various hearings, decisions and appeals ensued. Following further development of the record, a Workers' Compensation Law Judge (hereinafter WCLJ), by reserved decision filed December 2, 2021, established the claim for an occupational disease for bilateral knees and, as the date of disablement had been previously set in a prior decision as February 1, 2017, further found the carrier liable inasmuch as it provided workers' compensation coverage for the employer on that date.[FN1] The Workers' Compensation Board affirmed the WCLJ's decision, finding that claimant's preexisting bilateral knee condition had been nondisabling until it was aggravated by his employment duties, resulting in his disability. The carrier's subsequent application for reconsideration and/or full Board review was denied. The carrier appeals.[FN2]
We affirm. Pertinent here, "to establish an occupational disease based upon aggravation of a preexisting condition, it must be demonstrated that the condition was dormant and nondisabling and that a distinctive feature of the claimant's employment exacerbated the condition in such a manner as to cause a disability" (Matter of Clancy v Park Line Asphalt Maintenance, 191 AD3d 1088, 1090 [3d Dept 2021] [internal quotation marks and citation omitted], lv dismissed 37 NY3d 1087 [2021]; see Matter of Tipping v Orthopedic Surgeons of Long Is., 68 AD3d 1224, 1225-1226 [3d Dept 2009]; Matter of Pulos v Asplundh Tree, 29 AD3d 1073, 1074 [3d Dept 2006]). The dispositive issue "is not whether [the] claimant's preexisting condition caused [him or] her pain but, rather, whether [the] claimant's employment acted upon [his or] her condition in such a manner as to cause a disability that did not previously exist" (Matter of Jarvis v Stewart Airport Diner, 271 AD2d 816, 817 [3d Dept 2000]; accord Matter of Clancy v Park Line Asphalt Maintenance, 191 AD3d at 1090). In this regard, the Board is vested with the discretion to resolve conflicting medical evidence and may accept or reject such evidence in whole or in part (see Matter of Powers v State Material Mason Supply, 202 AD3d 1265, 1266 [3d Dept 2022], lv denied 38 NY3d 914 [2022]; Matter of Ferraina v Ontario Honda, 32 AD3d 643, 644 [3d Dept 2006]). The Board's [*2]decision as to whether to classify a certain medical condition as an occupational disease is a factual determination that will not be disturbed if supported by substantial evidence, even where there is record evidence that could support a contrary result (see Matter of Sanchez v New York City Tr. Auth., 213 AD3d 1131, 1132-1133 [3d Dept 2023]; Matter of Urdiales v Durite Concepts Inc/Durite USA, 199 AD3d 1214, 1214 [3d Dept 2021], lv denied 38 NY3d 907 [2022]; Matter of Simpson v New York City Tr. Auth., 151 AD3d 1160, 1162 [3d Dept 2017]). "Substantial evidence is a minimal standard and demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Vaughan v Heritage Air Sys., Inc., 208 AD3d 1562, 1564 [3d Dept 2022] [internal quotation marks and citations omitted]).
Where an occupational disease has been established, the "employer that last employed the employee in the field that ultimately caused the disabling condition would be responsible for the payment to the claimant of the entire award of compensation, subject to that employer's request for apportionment" (Matter of Candela v Skanska USA Bldg. Inc., 211 AD3d 1273, 1274 [3d Dept 2022] [internal quotation marks, brackets and citation omitted]; see Workers' Compensation Law § 44; Matter of Delaney v John P. Picone, Inc., 215 AD3d 1108, 1112 [3d Dept 2023]).
The record reflects that claimant began treatment to address bilateral knee pain associated with osteoarthritis as early as 2012. Claimant's medical records reflect that he reported that his bilateral knee pain worsened with activities related to his employment as a mason and construction laborer, which he testified involved the lifting of heavy materials up and down stairs and ladders, among other duties. Despite recognizing the degenerative nature of claimant's osteoarthritis, multiple medical experts who testified agreed that such condition is aggravated by the performance of physical work. In this regard, the Board credited claimant's testimony that his work for the employer required him to work five to six days a week, for roughly 8 to 10 hours a day, moving up and down ladders, stairs and uneven surfaces and carrying or pushing various construction materials. Significantly, claimant's treating physician, Kenneth McCulloch, testified that claimant's "work-related activities are directly related to his bilateral knee arthritis." Moreover, notwithstanding claimant's prior treatment of his bilateral knee pain, nothing in the record suggests that his preexisting condition rendered him unable to perform his employment duties prior to the date of disablement (see Matter of Clancy v Park Line Asphalt Maintenance, 191 AD3d at 1090-1091; Matter of Jarvis v Stewart Airport Diner, 271 AD2d at 817).
In view of the foregoing, substantial evidence supports the Board's determination that claimant's preexisting condition was nondisabling prior to the date of disablement and, further, that distinctive [*3]features of his work for the employer exacerbated his condition to the point of disability (see Matter of Clancy v Park Line Asphalt Maintenance, 191 AD3d at 1090-1091; Matter of Pulos v Asplundh Tree, 29 AD3d at 1074; Matter of Jarvis v Stewart Airport Diner, 271 AD2d at 817). Substantial evidence likewise supports the Board's determination that the employer was the last to have employed claimant in the performance of the type of work that ultimately caused the disabling condition such that the carrier, the provider of the employer's workers' compensation insurance coverage at that time, is liable (see Workers' Compensation Law § 44; Matter of Candela v Skanska USA Bldg. Inc., 211 AD3d at 1274). The carrier's remaining contentions, to the extent not expressly discussed herein, have been considered and found to be without merit.
Garry, P.J., Pritzker, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: By decision filed April 13, 2020, the Board, among other things, set the date of disablement as February 1, 2017. Although the record reflects that the carrier filed a notice of appeal from the Board's April 13, 2020 decision, it failed to timely perfect that appeal. Accordingly, the carrier's contentions related to the merits of that decision — namely, the setting of the date of disablement — are not properly before us (see JPMorgan Chase Bank, N.A. v Verderose, 154 AD3d 1198, 1199 [3d Dept 2017]; Data-Track Account Servs. v Lee, 291 AD2d 827, 827 [4th Dept 2002], lv dismissed 98 NY2d 727 [2002]).

Footnote 2: As the carrier has not advanced any arguments relative to the Board's denial of its application for reconsideration and/or full Board review, we deem the appeal from that decision to be abandoned (see Matter of Yolinsky v Village of Scarsdale,202 AD3d 1262, 1263 n 2 [3d Dept 2022]; Matter of Williams v Orange & White Mkts., 198 AD3d 1028, 1030 n 2 [3d Dept 2021]).