Matter of Davis v Gia Quinto Masonry

2026 NY Slip Op 02486

April 23, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of the Claim of Samuel Davis, Claimant,

v

Gia Quinto Masonry et al., Appellants, et al., Respondents. Workers' Compensation Board, Respondent.

Decided and Entered:April 23, 2026

CV-24-2025

Calendar Date: March 24, 2026

Before: Clark, J.P., Aarons, Ceresia, Mcshan And Corcoran, JJ.

Lois Law Firm, LLC, New York City (Addison O'Donnell of counsel), for appellants.

Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.

[*1]

Corcoran, J.

Appeal from a decision of the Workers' Compensation Board, filed November 29, 2024, which, among other things, ruled that claimant sustained an occupational disease.

Claimant, employed as a brick mason for over 25 years, filed a claim for workers' compensation benefits for an occupational disease for bilateral hands/wrists and bilateral knees, asserting that such conditions were caused by repetitive work-related trauma. Following a hearing and various medical depositions, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for an occupational disease involving claimant's bilateral hands, wrists and knees. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) appealed the WCLJ's decision.

While that administrative appeal was pending and over the objection of claimant's counsel, the carrier unilaterally subpoenaed and conducted a third medical deposition of claimant's treating physician, Robert Hecht. Thereafter, claimant filed a Request for Further Action and, at the ensuing hearing, sought the imposition of a penalty against the carrier for (1) the frivolous nature of the proceedings to depose Hecht for a third time without direction or approval from the Workers' Compensation Board while an administrative appeal was pending, and (2) for deposing Hecht on issues not yet relevant or in existence (i.e., claimant's degree of disability where there had been no lost time). At the conclusion of the hearing, the WCLJ imposed a $2,500 penalty against the carrier for initiating a frivolous proceeding. The carrier administratively appealed that decision. In a combined decision filed November 29, 2024, the Board affirmed the establishment of the occupational disease claim but modified the penalty against the carrier by reducing it to $500. The carrier appeals.

We affirm. "To be entitled to workers' compensation benefits for an occupational disease, a claimant must establish a recognizable link between his or her condition and a distinctive feature of his or her occupation through the submission of competent medical evidence" (Matter of Velez v Eger Health Care & Rehab Ctr., 217 AD3d 1095, 1096 [3d Dept 2023] [internal quotation marks and citations omitted]; accord Matter of Kretunski v Citywide Envtl. Servs. LLC, 233 AD3d 1218, 1218-1219 [3d Dept 2024]). "The Board's decision regarding the presence and classification of a medical condition — i.e., an occupational disease — is a factual consideration that will not be disturbed if it is supported by substantial evidence" (Matter of Powers v State Material Mason Supply, 202 AD3d 1265, 1266 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 914 [2022]), "even where there is record evidence that could support a contrary result" (Matter of Morgan v Kinray, Inc., 226 AD3d 1288, 1290 [3d Dept 2024] [internal quotation marks and citation omitted]).

We are unpersuaded by the carrier's contention that Hecht only [*2]had a generalized understanding of claimant's specific job duties, which was insufficient to demonstrate a recognizable link between claimant's job and his bilateral hand/wrist and bilateral knee conditions. When he sought medical treatment from Hecht in September 2022, claimant relayed that he worked as a brick mason for over 25 years, working 35 to 40 hours a week. He reported that his job duties required repetitive lifting, carrying heavy boxes, bending, squatting, troweling, hammering, climbing ladders and scaffolding, and using vibrating power tools, chipping guns and wet saws.FN1 Based upon his examinations of claimant, claimant's denial of any relevant prior injuries and review of diagnostic tests, including MRIs revealing broad radial tears of the medial meniscus in both knees and positive Tinsel tests for carpal tunnel syndrome in both wrists, Hecht opined that claimant's bilateral hand/wrist and bilateral knee conditions were consistent with and causally related to the repetitive nature of claimant's occupational duties. In crediting Hecht's testimony, the Board noted, and the record supports, that Hecht was aware of claimant's specific repetitive duties as a brick mason and the length of time he was engaged in such duties. Although the carrier presented a conflicting medical opinion from its consultant who found no causal link between the nature of claimant's work and his bilateral hand/wrist and bilateral knee conditions and generally attributed them to various degenerative and other factors, the Board's assessment and resolution of the conflicting medical evidence is entitled to great deference (see Matter of Manka v Goodyear Tire and Rubber Co., 123 AD3d 1172, 1173 [3d Dept 2014], lv denied 25 NY3d 909 [2015]). Given the nature of claimant's work and reported duties, and deferring to the Board's resolution of the conflicting medical opinions, we find that substantial evidence supports the Board's decision that claimant sustained an occupational disease and, as such, it will not be disturbed (see e.g. Matter of Freyta v Calvin Maintenance Inc., 220 AD3d 1036, 1038 [3d Dept 2023]; Matter of Camby v System Frgt., Inc., 105 AD3d 1237, 1238 [3d Dept 2013]; see also Matter of Scott v Bimbo Bakeries USA, Inc., 171 AD3d 1421, 1423 [3d Dept 2019]; Matter of Garcia v MCI Interiors, Inc., 158 AD3d 907, 908 [3d Dept 2018]).

Turning to the carrier's challenge to the penalty, there is no dispute that the carrier unilaterally and without a directive from the WCLJ subpoenaed Hecht for a third deposition while its administrative appeal was pending. Accordingly, we find no basis to disturb the Board's determination that a penalty for instituting a frivolous proceeding was warranted (see Workers' Compensation Law § 114-a [3] [i]). To the extent not specifically addressed, the carrier's remaining contentions are without merit.

Clark, J.P., Aarons, Ceresia and McShan, JJ., concur.

ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1

Testimony at the hearing reflects that claimant would set between 100 and 300 bricks/stones a day in building a wall.